No: 21-2685
_____

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
_____

POLINA MILMAN

Plaintiff-Appellant,

v.

FIEGER & FIEGER, P.C., D/B/A FIEGER, FIEGER, KENNEY
& HARRINGTON, P.C., and GEOFFREY FIEGER

Defendants-Appellees.

_____

On Appeal from the United States District Court
for the Eastern District of Michigan
Docket No. 20-cv-12154
The Honorable Stephen J. Murphy, III
_____

## APPELLANT'S BRIEF
## ORAL ARGUMENT REQUESTED

Deborah L. Gordon
Elizabeth Marzotto Taylor
Sarah Gordon Thomas
Molly Savage
DEBORAH GORDON LAW
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com
*Attorneys for Plaintiff-Appellant*

Dated: October 29, 2021

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Sixth Circuit Rule 26.1, Plaintiff-Appellant Polina Milman makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation?

   Answer: No

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

   Answer: No

**DEBORAH GORDON LAW**

Dated: October 29, 2021            */s/ Deborah L. Gordon*
Deborah L. Gordon
Attorney for Plaintiff-Appellant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. iv

STATEMENT IN SUPPORT OF ORAL ARGUMENT ................................................. 1

JURISDICTIONAL STATEMENT ................................................................................... 2

STATEMENT OF ISSUES FOR REVIEW .................................................................... 3

STATEMENT OF THE CASE ........................................................................................... 4

     a.     Factual background ........................................................................................ 4

     b.     Procedural history ......................................................................................... 5

SUMMARY OF THE ARGUMENT ................................................................................. 8

STANDARD OF REVIEW ................................................................................................ 10

ARGUMENT ....................................................................................................................... 11

I.     The district court erred in holding that, to prevail on her FMLA retaliation claim, Plaintiff must prove that she was entitled to FMLA leave where she requested, but did not take leave ......................................................................................................... 11

     a.     *Branham* does not analyze or hold that entitlement to take leave is a requirement of an FMLA retaliation claim because the issue is discussed only in dicta ................................................................................................ 11

     b.     In its unpublished opinions, this Court has not had the opportunity to analyze whether an eligible employee's request for FMLA leave is protected activity under the anti-retaliation provision ............................ 16

II.     Requesting or inquiring about FMLA leave is protected activity under the FMLA's anti-retaliation provision ................................................................................................. 19

     a.     Limiting the FMLA's anti-retaliation protections to those entitled to take

FMLA leave is inconsistent with the statute's purpose...................................22

b.    The text of the statute and the DOL implementing regulations support a finding that requests for or inquiring about FMLA leave is protected activity..................................................................................................26

c.    Analogous anti-retaliation provisions allow plaintiffs to maintain a good-faith retaliation claim even where they do not qualify for substantive relief..........29

i.    The scope of protected activity under FMLA includes conduct other than utilizing the substantive right.............................................29

ii.   The limiting principles utilized in other anti-retaliation provisions moot "slippery slope" concerns under the FMLA.......................................31

CONCLUSION AND RELIEF REQUESTED...............................................................32

# INDEX OF AUTHORITIES

## Cases

*Arban v. West Pub. Corp.*,
   345 F.3d 390 (6th Cir. 2003)......................................................................... 30

*Arbaugh v. Y&H Corp.*,
   564 U.S. 500 (2006)...................................................................................... 17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................... 10

*Bachelder v. America West Airlines, Inc.*,
   259 F.3d 1112 (9th Cir. 2001)...................................................................... 15

*Bell v. Prefix, Inc.*,
   321 F.App'x. 423 (6th Cir. 2014) ................................................................. 29

*Borror Prop. Mgmt., LLC v. Oro Karric N., LLC*,
   979 F.3d 491 (6th Cir. 2020)........................................................................ 17

*Branham v. Gannet Satellite Info. Network, Inc.*,
   619 F.3d 563 (6th Cir. 2010).............................................................. *passim*

*Bryant v. Dollar General Corp.*,
   538 F.3d 394 (6th Cir. 2008)........................................................................ 28

*Bryson v. Regis Corp.*,
   498 F.3d 561 (6th Cir. 2007)........................................................................ 31

*Burlington Northern and Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006)..................................................................................23, 25

*Cavin v. Honda of America Mfg., Inc.*,
   346 F.3d 713 (6th Cir. 2003)........................................................................ 16

*Crawford v. JP Morgan Chase & Co.*,
   531 F.App'x. 622 (6th Cir. 2013) ...........................................................23, 29

*Donald v. Sybra, Inc.*,
   667 F.3d 757 (6th Cir. 2012)........................................................................ 27

*Doughetry v. Cable News Network*,
  396 F.Supp.3d 84 (D.D.C. 2019) ............................................................ 21

*Edgar v. JAC Prods., Inc. Branham*,
  619 F.3d at 568 (6th Cir. 2006) ............................................ 14, 15, 17, 23

*Erdman v. Nationwide Ins. Co.*,
  582 F.3d 500 (3d Cir. 2009) ................................................................... 30

*Freed v. Thomas*,
  976 F.3d 729 (6th Cir. 2020) ............................................................. 13, 14

*Hodgens v. Gen. Dynamics Corp.*,
  144 F.3d 151 (1st Cir. 1998). ................................................................. 27

*Hurley v. Kent of Naples, Inc.*,
  746 F.3d 1161 (11th Cir. 2014) ............................................................. 31

*Isley v. Aker Philadelphia Shipyard, Inc.*,
  275 F.Supp.3d 620 (E.D. Penn. 2017) ................................................... 21

*Johnson v. Dollar General*,
  880 F.Supp.2d 967 (N.D. Iowa 2012). ................................................... 21

*Johnson v. Fifth Third Bank*,
  685 F.App'x. 379 (6th Cir. 2017) ........................................................... 31

*Katoula v. Detroit Entertainment, LLC*,
  174 F.App'x. 334 (6th Cir. 2006). ..................................................... 16, 18

*Killian v. Yorozu Auto. Tenn. Inc.*,
  454 F.3d 549 (6th Cir. 2006) ................................................................. 27

*Mann v. Mass. Correa Elec., J.V.*,
  2002 WL 88915 (S.D.N.Y. Jan. 23, 2002). ............................................ 27

*McArdle v. Town of Dracaut/Dracut Pub. Sch.*,
  732 F.3d 29 (1st Cir. 2013) .................................................................. 5, 24

*Morris v. Family Dollar Stores of Ohio, Inc.*,
  2007 WL 893051 (N.D. Ohio Mar. 21, 2007) ......................................... 17

*Morris v. Family Dollar Stores of Ohio, Inc.*,
    320 F.App'x 330 (6th Cir. 2009) .................................................................. 17

*Nawrocki v. United Methodist Retirement Communities, Inc.*,
    557 F.App'x. 496 (6th Cir. 2014) ............................................................ 16, 18

*Neely v. Benchmark Family Servs.*,
    640 F.App'x. 429 (6th Cir. 2016) ................................................................ 31

*Novak v. MetroHealth Med. Ctr.*,
    503 F.3d 572 (6th Cir. 2007) ...................................................................... 14

*Palmer v. Cacioppo*,
    429 F.App'x. 491 (6th Cir. 2011) ................................................................ 14

*Penny v. United Parcel Serv.*,
    128 F.3d 408 (6th Cir. 1997) ...................................................................... 29

*Pereda v. Brookdale Senior Living Cmtys., Inc.*,
    666 F.3d 1269 (11th Cir. 2012) ............................................................ 11, 30

*Potts v. Franklin Elec. Co.*,
    2006 WL 2474964 (E.D. Okl. Aug. 24, 2006) ....................................... *passim*

*Seeger v. Cincinnati Bell Tel. Co., LLC*,
    681 F.3d 274 (6th Cir. 2012) .................................................................. 8, 15

*Shultz v. Congregation Shearith Israel of City of New York*,
    867 F.3d 298 (2d Cir. 2017) ....................................................................... 15

*Skrjanc v. Great Lakes Power Serv. Co.*,
    272 F.3d 309 (6th Cir. 2001) ...................................................................... 30

*Solo v. United Parcel Serv. Co.*,
    819 F.3d 788 (6th Cir. 2016) ...................................................................... 10

*Tayag v. Lahey Clinic Hosp., Inc.*,
    632 F.3d 788 (1st Cir. 2011) ...................................................................... 19

*Taylor v. Union Institute*,
    30 F.App'x. 443 (6th Cir. 2002) ................................................................. 27

vi

*Vail v. Raybestos*,
    533 F.3d 904 (7th Cir. 2008) ....................................................................... 15

*Wilkins v. Packerware Corp.*,
    260 F.App'x. 98 (10th Cir. 2008) ........................................................... 29, 30

*Williams v. Crown Liquors of Broward, Inc.*,
    851 F.Supp.2d 1332 (S.D. Fla. 2012) ........................................................ 20

*Wyatt v. Nissan N. Am., Inc.*,
    999 F.3d 400 (6th Cir. 2021) ....................................................................... 29

*Wysong v. Dow Chem. Co.*,
    503 F.3d 441 (6th Cir. 2007) ................................................................. 15, 28

**Statutes**
28 U.S.C. § 1291 .................................................................................................. 2
28 U.S.C. § 1331 .................................................................................................. 2
29 C.F.R. § 825.220 ...................................................................................... 28, 29
29 U.S.C. § 2601 ............................................................................................... 3, 5
29 U.S.C. § 2601(a)(4) ....................................................................................... 23
29 U.S.C. § 2601(b)(1)-(3) ........................................................................... 16, 22
29 U.S.C. § 2611 ................................................................................................ 11
29 U.S.C. § 2611(2) ............................................................................................. 5
29 U.S.C. § 2612(a)(1)(C) .................................................................................... 8
29 U.S.C. § 2615(a)(1) ....................................................................................... 15
29 U.S.C. § 2615(a)(1) & (2) .............................................................................. 27
29 U.S.C. § 2615(a)(1). ...................................................................................... 24

**Other Authorities**
Nicole Buonocore Porter, *Finding a Fix For the FMLA: A New Perspective, a New
    Solution*, 31 Hofstra Lab. & Emp. L.J. 327, 351 (2014) ............................... 24

*The Family and Medical Leave Act: Who Really Cares?*, 50 S. Tex. L. Rev. 559, 560 & n.5
    (2009) ............................................................................................................ 24

**Rules**

Fed. R. App. P. 4(a)(1)(A) .................................................................................... 2
Fed. R. Civ. P 12(b)(6) .................................................................................... 6, 10
MCL 423.501 ...................................................................................................... 5

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Plaintiff-Appellant Polina Milman ("Plaintiff") requests oral argument to address any questions the Court may have after reviewing the briefs and the record, and to respond to any arguments raised by Defendants-Appellees ("Defendants") in their response brief or in oral argument. Plaintiff believes oral argument would assist the Court in rendering its decision on the important issues raised in this matter.

## JURISDICTIONAL STATEMENT

The district court's subject matter jurisdiction was based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, as the face of the complaint contained a federal question. [RE 1]. Defendants did not challenge the district court's jurisdiction below. This Court has jurisdiction over Plaintiff's appeal as of right from the district court's final order, dated June 4, 2021, pursuant to 28 U.S.C. § 1291. Plaintiff's appeal is timely because Notice of Appeal was filed on July 2, 2021, "within 30 days after entry of the judgment or order appealed from." *See* Fed. R. App. P. 4(a)(1)(A). Plaintiff asserts that this appeal is from a final order that disposes of all parties' claims.

## STATEMENT OF ISSUES FOR REVIEW

1.    Whether the Families and Medical Leave Act's ("FMLA"), 29 U.S.C. §
2601 *et seq.*, anti-retaliation provision protects an eligible employee who requests or
inquires about FMLA leave.

## STATEMENT OF THE CASE

### a.    Factual background

On March 19, 2020, Plaintiff Polina Milman, an attorney at the Defendant law firm Fieger & Fieger, sought to take unpaid FMLA leave to care for her two-year-old child who was displaying symptoms of COVID-19.[1] [RE 14]. The child had previously been hospitalized for five days with Respiratory Syncytial Virus ("RSV"). *Id.* at PageID.92. A few days before Plaintiff's request for FMLA leave, COVID-19 had been declared a national emergency and the Center for Disease Control ("CDC") had declared that people with underlying respiratory conditions were considered "high risk" for contracting the virus. *Id.* at PageID.91-92. Other government guidance was issued on March 16th emphasizing the seriousness of COVID-19. *Id.* at PageID.93. Based on the emergent government declarations, Plaintiff was unsure of the seriousness or potential seriousness of her child's medical condition. *Id.* at PageID.92, 96.

In response to Plaintiff's request, the law firm's human resources office gave Plaintiff permission to work from home on March 19th and 20th. *Id.* at PageID.96-97. However, on the evening of March 20th, the firm's owner, Defendant Geoffrey Fieger, wrote Plaintiff a formal letter terminating her because "today…you did not come into work." *Id.* at PageID.97. Plaintiff contacted human resources and asked if Fieger would

---

[1] For the same reason, Plaintiff had requested to work from home on March 15th and 16th and was denied by firm owner Defendant Geoffrey Fieger. Upon being denied and at the suggestion of a supervisor, Plaintiff used approved personal time off ("PTO") days. [RE 14 at PageID.93-94].

reconsider her termination, in that, her request for leave stemmed from her concern for the health of her child in light of COVID-19. *Id.* at 98. She received no response. *Id.*

On March 23rd, Plaintiff sought a copy of her personnel record pursuant to MCL 423.501. [RE 14 at PageID.98]. On March 24th, having received Plaintiff's request, Fieger sent Plaintiff a second termination letter stating "[y]ou had made it clear by your activity that you had no intention of coming into work." *Id.* at PageID.99. The only "activity" Plaintiff had engaged in was requesting to use her PTO, to work from home, or to take two days of unpaid leave, all for the purpose of caring for a sick child.

It is undisputed that Plaintiff was an employee deemed "eligible" to "attempt to exercise" her right to request FMLA leave, pursuant to 29 U.S.C. § 2611(2). *Id.* at PageID.100. She requested leave and instead was directed to work from home, which she did. She was then immediately terminated based on her request alone. As the First Circuit explained, terminating an eligible employee who attempts to exercise an FMLA right by inquiring about leave creates an "ask at your peril" loophole to the FMLA's anti-retaliation provision and deters "eligible employees uncertain of the extent of their rights, from taking the first step necessary to exercise their rights." *McArdle v. Town of Dracaut/Dracut Pub. Sch.*, 732 F.3d 29, 26 (1st Cir. 2013).

### b.    Procedural history

Plaintiff commenced the underlying suit against Defendants on August 11, 2020. [RE 1]. Plaintiff's original complaint alleged that Defendants violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, by terminating Plaintiff in

retaliation for requesting FMLA leave. [RE 1, at PageID.13-14]. Plaintiff also brought a state law claim against Defendants alleging she was wrongfully terminated in violation of Michigan public policy. *Id.* at PageID.14-15. On October 8, 2020, Plaintiff filed her First Amended Complaint, adding additional state law claims. [RE 14].

On November 19, 2020, Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [RE 23]. In pertinent part, Defendants argued that Plaintiff failed to plead a viable FMLA interference claim because Plaintiff failed to allege that her son suffered from a "serious health condition" and therefore failed to allege that she was "entitled to leave in the first place." *Id.* at PageID.147. Defendants also argued that Plaintiff's FMLA retaliation claim should be dismissed for the same reason—because Plaintiff was not entitled to leave under the FMLA, her request for FMLA leave was not protected activity. *Id.* at PageID.155. Defendants failed to cite to any authority for their assertion that an FMLA retaliation claim requires a finding that the Plaintiff was entitled to take FMLA leave. *Id.*

Plaintiff filed her response on December 10, 2020. [RE 27]. In it, Plaintiff explained that, although her FMLA claim was titled "Violations of the Family and Medical Leave Act—Interference and Retaliation," the gravamen of her FMLA claim sounded in retaliation. *Id.* at PageID.272. Plaintiff explained that courts have previously found that retaliation claims arise under either prong of the FMLA. Plaintiff asserted that there was no persuasive authority for the contention that a plaintiff must be entitled to take FMLA leave in order to maintain an FMLA retaliation claim and that such a

requirement was contrary to the purpose of the statute. *Id.* at PageID.273-74. In their reply brief, Defendants cited to a string of non-binding, unpublished opinions in support of their contention that entitlement to FMLA is required in order to maintain an FMLA retaliation claim. [RE 32, PageID.328-29].

On April 28, 2020, the district court heard oral argument as to whether the court should dismiss Plaintiff's FMLA claim. [RE 35]. On June 4, 2021, the district court issued an opinion granting Defendants' motion to dismiss Plaintiff's FMLA claim. [RE 38].[2] The district court held that in order to prevail on her FMLA claim, Plaintiff must allege and ultimately prove that she was entitled to take FMLA leave. *Id.* at PageID.364.

 In support, the district court relied on a statement found in dicta in this Court's opinion in *Branham v. Gannet Satellite Info. Network, Inc.*, 619 F.3d 563, 568 (6th Cir. 2010). *Id.* at PageID.364-65. As outlined below, the district court incorrectly considered this Court's dicta to be binding precedent. The district court also cited to several unpublished opinions from this circuit which likewise state this requirement but which are similarly devoid of analysis of the particular issue before the Court. Indeed, all of the cases cited by the district court involved allegations that the plaintiffs were retaliated against for *taking* leave, not for *requesting or inquiring* about FMLA leave.

---

[2] The Court also denied Defendants' request for sanctions against Plaintiff. [RE 38, PageID. 371-72]. Plaintiff does not appeal this aspect of the district court's Order.

## SUMMARY OF THE ARGUMENT

The FMLA entitles an eligible employee to medical leave to care for a child who has a "serious health condition." 29 U.S.C. § 2612(a)(1)(C). The law bans an employer from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or attempt to exercise, any [FMLA] right." *Id.* at § 2615(a)(1). It also bans an employer from "discharg[ing] or in any other manner discriminat[ing] against an individual for opposing any practice" that the FMLA outlaws. *Id.* at § 2615(a)(2).

The courts have read these two provisions of FMLA as creating a "retaliation" or "discrimination" cause of action which focuses on whether the employer took an adverse employment action because of a prohibited, discriminatory reason. *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 282 (6th Cir. 2012).

In this Circuit, there is one published opinion, *Branham*, which states that an employee must be entitled to take FMLA leave in order to bring an FMLA retaliation claim. However, the opinion in *Branham* did not concern the scope of protected activity under the FMLA, thus, the statement is non-binding dicta. Further, the entitlement requirement stated in *Branham* is unsupported by the case cited in support—*Edgar*.

*Branham*, *Edgar*, and several other unpublished Sixth Circuit opinions involve employees who took FMLA leave, suffered an adverse employment action because of it, and allege impermissible retaliation. These cases are meaningfully distinguished from the present matter because, here, Plaintiff did not take FMLA leave. She merely requested it. While an employee's entitlement to FMLA leave may be relevant where

8

the employee actually takes leave, it is irrelevant to whether merely requesting FMLA leave is protected activity under the statute.

Several courts have concluded that an eligible employee's request for or inquiry about FMLA leave is protected activity regardless of whether the employee was ultimately entitled to take leave for an FMLA qualifying reason. Those courts supported their conclusions by analyzing the purpose of the FMLA, the text of the statute, the Department of Labor implementing regulations, and other anti-retaliation provisions contained in employment discrimination statutes.

## STANDARD OF REVIEW

A district court's order granting a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) is reviewed de novo. *Solo v. United Parcel Serv. Co.*, 819 F.3d 788 (6th Cir. 2016). Courts construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

# ARGUMENT

## I. The district court erred in holding that, to prevail on her FMLA retaliation claim, Plaintiff must prove that she was entitled to FMLA leave where she requested, but did not take leave

The district court's holding is in error for two reasons. First, the district court relied on dicta in holding that Plaintiff could not maintain her FMLA retaliation claim because she did not allege that she was entitled to FMLA leave.[3] This Court has not had a meaningful opportunity to address whether an eligible employee's request to take FMLA leave is protected activity under the FMLA's anti-retaliation provision, thus, the cases cited in the district court's opinion are neither binding nor persuasive.

Second, the Plaintiff did not take FMLA leave; she merely requested it. Whether Plaintiff's child suffered a "serious health condition" is not relevant to this analysis. Thus, application of cases dealing with employees who took FMLA leave and then alleged retaliation is inapt.

### a. *Branham* does not analyze or hold that entitlement to take leave is a requirement of an FMLA retaliation claim because the issue is discussed only in dicta

---

[3] "Entitlement" to take leave differs from "eligibility" to take leave. The FMLA defines "eligible employee" by the duration and extent of employment. 29 U.S.C. § 2611. The Act does not define "entitlement." *Id.* "Entitlement" to leave refers to whether the employee has experienced a "triggering event" which entitles them to take FMLA leave. *See Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012). Defendants did not dispute that Plaintiff was an eligible employee during the relevant time period. [RE 23].

The district court relied on *Branham* in granting Defendants' motion to dismiss, however this Court's opinion in *Branham* does not address the scope of protected activity under the FMLA's anti-retaliation provision. Thus, the district court erroneously relied on mere dicta.

In *Branham*, the plaintiff took several days of leave to care for her sick son and then several more days due to her own illness until she was ultimately terminated for not reporting to work. *Branham v. Gannett Satellite Info. Network, Inc.*, 619 F.3d 563, 565-66 (6th Cir. 2010). After the plaintiff brought FMLA interference and retaliation claims, the defendant moved for summary judgment. *Id.* at 567-68. The district court granted summary judgment, finding that the defendant was entitled to terminate the plaintiff after receiving a negative medical certification from the plaintiff's doctor which failed to excuse her eleven days of absences. *Id.* at 568.

On appeal, the defendant sought affirmance on two bases: First, because the plaintiff could not prove she had a "serious health condition" which entitled her to take FMLA leave—"reasoning on which the district court ultimately did not rely" and second, that the defendant was entitled to terminate the plaintiff based on the negative certification from her doctor. *Id.* As to the first grounds for affirmance, this Court applied the FMLA's definition of "serious health condition" and related Department of Labor ("DOL") implementing regulations to the facts to find that the plaintiff had presented sufficient evidence to create a genuine issue of material fact as to whether she was entitled to take FMLA leave. *Id.* at 570-71. As to the second grounds for affirmance,

this Court found that the defendant was not permitted to deny leave or terminate the plaintiff based on the medical certification requirement because the defendant never properly requested certification or informed the plaintiff of the consequences for failing to provide it. *Id.* at 574.

In its opinion, the Branham court states that "[t]o prevail on either her interference claim or her retaliation claim, [the plaintiff] must prove that she was entitled to FMLA leave. *Id.* at 568. The court never analyzed whether entitlement to take leave was a requirement to maintaining the plaintiff's retaliation claim. While the court reviewed the district court's finding that the plaintiff did not suffer a "serious health condition," that district court did not rely on that issue in granting summary judgment to the defendant.

In sum, the Branham court's holding concerned itself with the sufficiency of evidence presented to prove the plaintiff suffered from a "serious health condition," as defined by statute and regulations and the FMLA's certification requirements—not the scope of protected activity under the FMLA's anti-retaliation provision. Accordingly, any discussion in *Branham* regarding the need for a plaintiff to show entitlement to leave in order to sustain an FMLA retaliation claim is non-binding dicta. *Freed v. Thomas*, 976 F.3d 729, 738 (6th Cir. 2020) ("A holding is a court's determination of a matter of law pivotal to its decision while dictum is anything not necessary to the determination of the issue on appeal") (cleaned up).

13

Moreover, *Branham* dicta relied on by the district court below, is unsupported by meaningful analysis by this Court. The *Branham* dicta is supported solely by a citation to *Edgar v. JAC Prods., Inc. Branham*, 619 F.3d at 568.[4] However, *Edgar* does not stand for the proposition stated in *Branham*.

*Edgar* involved an FMLA interference claim—not an FMLA retaliation claim. 443 F.3d at 514. (Plaintiff "conceded at oral argument that [plaintiff] has not sued under a retaliation theory"). Accordingly, any discussion in *Edgar* regarding the need for a plaintiff to show entitlement to leave in order to sustain an FMLA retaliation claim is, itself, non-binding dicta. *Freed*, 976 F.3d at 738.[5]

However, the *Edgar* court does not state, in dicta or otherwise, that entitlement to take leave is a requirement of an FMLA retaliation claim. Rather, the *Edgar* court merely distinguishes FMLA interference claims from retaliation claims by explaining that, under a retaliation theory, an employer's motive is integral to the claim and that courts apply the *McDonnell Douglas* burden shifting test to those claims. *Edgar*, 443 F.3d at 508. The court goes on to analyze whether termination *interfered* with the plaintiff's FMLA leave after she was unable to return to work. *Id.* at 509-15. In short, neither in

---

[4] The *Branham* court also cites to *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577-78 (6th Cir. 2007) for the contention that a plaintiff must show entitlement to FMLA leave to support an FMLA interference claim. *Novak* does not address FMLA retaliation claims. *Id.* at n.2.

[5] The district court, in its opinion, likewise cited to *Palmer v. Cacioppo*, 429 F.App'x. 491, 496 (6th Cir. 2011) for the contention that entitlement to take leave is required element of a retaliation claim. Like *Edgar*, *Palmer* involved only an FMLA interference claim—not a retaliation claim.

*Edgar* nor in *Branham* has this Court been presented the opportunity to analyze whether a plaintiff is required to show entitlement to take leave in order to maintain an FMLA retaliation claim. The district court's conclusion that it was bound by the dicta in *Branham* is thus in error.

Both *Branham* and *Edgar* are distinguishable from the present matter in one important facet: in those cases the plaintiffs alleged they are were retaliated against for actually *taking* FMLA leave, whereas here, Plaintiff alleges she was retaliated against for *requesting or inquiring about* FMLA leave. There is no case law from this circuit which holds that an eligible employee's request to take leave is not protected activity where the employee did not actually take the leave.

Some courts, including this Court on occasion, treat claims alleging adverse employment action for taking FMLA leave as "interference" claims under 29 U.S.C. § 2615(a)(1).[6] *See Wysong v. Dow Chem. Co.,* 503 F.3d 441, 446-47 (6th Cir. 2007); *Bachelder v. America West Airlines, Inc.,* 259 F.3d 1112, 1124 (9th Cir. 2001); *Vail v. Raybestos,* 533 F.3d 904, 909 (7th Cir. 2008); *Shultz v. Congregation Shearith Israel of City of New York,* 867 F.3d 298, 307 (2d Cir. 2017).[7] To the extent the *Branham* court, *Edgar* court, or any other court, treated the plaintiff's claim for retaliation for *taking* leave as an interference claim, thus requiring a showing that the plaintiff was entitled to take leave, that holding is

---

[6] Plaintiff noted this in her response to Defendants' Motion to Dismiss. [RE 27 at PageID.272].

[7] This Court has held that an FMLA retaliation claim stems from 29 U.S.C. § 2615(a)(2). *Seeger v. Cincinnati Bell Telephone Co., LLC,* 681 F.3d 274, 282 (6th Cir. 2012).

inapplicable to the facts of the present matter.[8] Here, Plaintiff does not allege that she was retaliated against for *taking* FMLA leave, regardless of her entitlement to it. Plaintiff does not dispute that entitlement to take leave is a prima facie element of an FMLA "interference" or "entitlement" claim. *See Cavin v. Honda of America Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003) (superseded on other grounds by 29 C.F.R. § 825.302(d)).

As discussed below, Plaintiff's claims implicate her *proscriptive* rights under the FMLA, not her *prescriptive* or substantive entitlement rights. This distinguishes the issue before the Court from previous cases which district court interpreted as relevant to this case. A stated purpose of the FMLA is accomplish the goals of the Act—providing leave to families—in a manner that accommodates the legitimate interests of the employers. 29 U.S.C. § 2601(b)(3). In a case where an employee takes leave from work which he is not entitled to, an employer may well have a legitimate interest in curbing such conduct by terminating the employee. However, where an employee merely asks about FMLA leave, the employer has no such legitimate interest.

b. **In its unpublished opinions, this Court has not had the opportunity to analyze whether an eligible employee's request for FMLA leave is protected activity under the anti-retaliation provision**

The district court also cited to several unpublished opinions from this circuit for the contention that a request for FMLA leave made by an eligible employee is not

---

[8] Likewise, the plaintiffs in *Morris*, *Katoula*, and *Nawrocki* (discussed below) all actually took leave from work, unlike Plaintiff.

protected activity. As in *Branham* and *Edgar*, the cases cited did not analyze the issue before the Court.

*Morris v. Family Dollar Stores of Ohio, Inc.*, 320 F.App'x 330 (6th Cir. 2009) (unpublished opinion) contains a similar statement of law as the dicta in *Branham* that was made without analyzing the issue. Such "unrefined dispositions" have been referred to as "drive-by rulings" that should be accorded "no precedential effect." *Arbaugh v. Y&H Corp.*, 564 U.S. 500, 511 (2006); *Borror Prop. Mgmt., LLC v. Oro Karric N., LLC*, 979 F.3d 491, 497 (6th Cir. 2020).

In *Morris*, the plaintiff alleged the defendant violated the FMLA by terminating him while he was on FMLA leave. 320 F.App'x. at 333. At the district court level, the plaintiff did not differentiate between an FMLA interference and retaliation claim in his pleadings or in response to the defendant's motion for summary judgment. *Id.* at 335. The district court analyzed the plaintiff's claim under a retaliation theory only and found that the plaintiff was unable to establish a causal connection between his termination and his FMLA leave. *Morris v. Family Dollar Stores of Ohio, Inc.*, 2007 WL 893051 at *7 (N.D. Ohio Mar. 21, 2007).

On appeal, the plaintiff raised both interference and retaliation theories. *Morris*, 320 F.App'x. at 335-36. This Court held that the plaintiff could not establish a prima facie interference claim because the plaintiff could not show that the family member he was caring for had a "serious health condition" which entitled the plaintiff to take leave. *Id.* at 337-38. With regard to the plaintiff's retaliation claim, this Court held that it fails

17

"for the same reasons that [plaintiff's] interference claim fails"—because the plaintiff's leave was not on account of a serious health condition. *Id.* at 338. No further analysis was provided.

The *Morris* court held that the plaintiff's FMLA retaliation claim failed because he was not entitled to take leave. However, the court's holding on this issue is unsupported by citation to the statute or to applicable caselaw. *See Id.* at 338. It is merely a "drive-by ruling" that should not be accorded precedential effect.

As the district court noted, the "drive-by rulings" in *Branham* and *Morris* have seeped their way into several recent, unpublished Sixth Circuit cases. None of the unpublished cases cited by the district court analyzed the issue presented in this case— whether a plaintiff must show she was entitled to take FMLA in order to bring a retaliation claim.

For example, the court in *Katoula v. Detroit Entertainment, LLC*, relied entirely on *Morris* in holding that the plaintiffs' FMLA retaliation claim failed because they could not show they were entitled to take FMLA leave. 557 F.App'x. 496, 499 (6th Cir. 2014). As explained above, the holding in *Morris* is unsupported by caselaw or analysis. Likewise, in *Nawrocki v. United Methodist Retirement Communities, Inc.*, the plaintiff did not dispute that if her leave did not qualify under the FMLA, her retaliation claim would fail. 174 F.App'x. 334, 339 (6th Cir. 2006). The *Nawrocki* court did not analyze whether entitlement to take leave was an element of the plaintiff's prima facie case.

The district court here erred by relying on cases which did not analyze the issue before the court. The unpublished opinions cited by the district court fail to establish that an eligible employee's requests for FMLA leave are not protected activity under the anti-retaliation provision. Accordingly, Plaintiff requests that this Court vacate the district court's order.

## II.    Requesting or inquiring about FMLA leave is protected activity under the FMLA's anti-retaliation provision

Courts that have analyzed the specific issue presented here have found that requesting or inquiring about FMLA leave is protected activity. *See e.g. ; Tayag v. Lahey Clinic Hosp., Inc.*, 632 F.3d 788, 793 (1st Cir. 2011) ("Requesting leave is also an FMLA-protected right, for which retaliation conceivably could be wrongful even where the leave itself was unprotected").

In *Potts v. Franklin Elec. Co.*, the court held that requesting FMLA leave is protected activity even where the employee is not ultimately entitled to take leave. 2006 WL 2474964 (E.D. Okl. Aug. 24, 2006). There, the plaintiff's dentist informed him that he believed he had cancer of the mouth. *Id.* at *1. The plaintiff informed his employer that he anticipated needing to take FMLA leave for a biopsy and cancer treatment. *Id.* He was promptly terminated. Two months after his termination, the plaintiff learned that he did not have oral cancer. *Id.* It was undisputed that the plaintiff was an eligible employee at the time he made the request for FMLA leave. *Id.* at *2.

19

The court rejected the employer's argument that the plaintiff could not bring an FMLA retaliation claim because he did not suffer from a serious health condition and thus was not entitled to take FMLA leave. *Id.* The court looked to the text of the FMLA, as well as the DOL implementing regulations to find that the provision was broad enough to cover employees who were not entitled to take leave because the statute "protects the attempt to exercise a right." *Id.* at *3.

In *Williams v. Crown Liquors of Broward, Inc.*, the court held that the plaintiff's request for FMLA leave was protected activity even though she was not ultimately entitled to take the leave requested. 878 F.Supp.2d 1307 (S.D. Fla. 2012). There, the plaintiff experienced complications during her pregnancy which placed her on bed rest months prior to giving birth. *See Williams v. Crown Liquors of Broward, Inc.*, 851 F.Supp.2d 1332, 1334-37 (S.D. Fla. 2012) (setting forth the factual background in greater detail). The plaintiff alleged that she was terminated in retaliation for requesting additional FMLA leave after using all of the leave she was entitled to. *Williams*, 878 F.Supp.2d at 1309. The jury found that the plaintiff was not entitled to the extended FMLA leave she requested. However, the jury also found that the plaintiff engaged in protected activity by requesting extended FMLA leave. *Id.* The employer moved for judgment as a matter of law and argued that the plaintiff's request for FMLA leave was not protected activity unless the plaintiff was entitled to take the leave requested. *Id.* at 1308.

The *Williams* court held that nothing in the FMLA limits the realm of protected activity to requests to take FMLA which the plaintiff is ultimately entitled to. *Id.* at 1309.

The court looked to other cases in which the request for leave formed the base conduct to establish protected activity. *Id.* at 1309-11. The court reasoned that protected activity involving pre-entitlement requests for leave was likely subject to the same limiting principles found in Title VII's analogous anti-retaliation provision. *Id.* at 1311. Namely, that only a good faith request for leave will constitute protected activity where the plaintiff is not ultimately entitled to leave. *Id.* at 1311-12. Thus, the employer's motion for judgment as a matter of law was denied because the eligible employee's request for leave was protected activity even though she was not ultimately entitled to the leave requested.

In *Johnson v. Dollar General*, the court issued a thorough and well-reasoned opinion holding that an FMLA "'retaliation' claim does not require proof that the plaintiff actually suffered a 'serious health condition,' only that the plaintiff gave adequate and timely notice to the employer that he or she needed leave for a condition that the plaintiff believed, in good faith, might be covered by the FMLA." 880 F.Supp.2d 967, 994 (N.D. Iowa 2012). *See also Dougherty v. Cable News Network*, 396 F.Supp.3d 84, 113 (D.D.C. 2019) ("this Court finds [the reasoning in *Johnson v. Dollar General*] persuasive as well"); *Isley v. Aker Philadelphia Shipyard, Inc.*, 275 F.Supp.3d 620, 634 n.17 (E.D. Penn. 2017) (describing the opinion in *Johnson* as "thorough and well-reasoned").

Johnson suffered a heart attack in November 2008. *Johnson*, at 972. In April 2009, while working as a Dollar General employee, Johnson began suffering from flu-like symptoms similar to those he had experienced before his heart attack. *Id.* at 973. He

requested to take up to five days of leave from work to rest and was told by a supervisor that he needed to return to the store. *Id.* at 974. Johnson then "resigned" due to being constructively discharged. *Id.* He filed suit alleging, in pertinent part, that Dollar General violated FMLA by failing to grant FMLA leave, retaliating against him for exercising his FMLA rights, and discriminating against him for utilizing his FMLA rights. *Id.* at 975. Dollar General argued that Johnson was not entitled to FMLA leave because he did not suffer from a serious health condition and therefore could not maintain his retaliation claim. *Id.* at 980. The court rejected Dollar General's argument and held that Johnson's retaliation claim did not require proof that he suffered from a serious health condition.

The *Johnson* court, like the courts in *Potts* and *Williams*, reasoned that its holding was supported by the underlying purpose of the FMLA, the text of the statute, the DOL implementing regulations, and analogous anti-retaliation statutes.

### a.    Limiting the FMLA's anti-retaliation protections to those entitled to take FMLA leave is inconsistent with the statute's purpose

The *Johnson* court analyzed whether limiting anti-retaliation protection to those entitled to take FMLA leave was consistent with the purpose of the FMLA. *Id.* at 993-94. The FMLA was enacted to "balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1)-(3). Among the findings which prompted the Act was Congress's belief that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. §

2601(a)(4). Like all statutes with anti-retaliation provisions, the FMLA secures its "primary objectives by preventing an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63 (2006) (discussing Title VII's analogous anti-retaliation provision).

The *Johnson* court reasoned that narrowing FMLA protected activity to only those employees who are ultimately entitled to take leave would defeat the purpose of the statute. 880 F.Supp.2d at 993-94. As the court explained, an FMLA "retaliation claim seeks to deter conduct involving a discriminatory animus of the employer." *Id.* at 993. Indeed, "the employer's motive is an integral part of the analysis" of a retaliation claim. *Edgar*, 443 F.3d at 508. Moreover, because courts apply a "materially adverse action" requirement to FMLA retaliation claims, the FMLA only prohibits employer conduct that would dissuade a *reasonable employee*, not just the plaintiff, from pursuing her FMLA rights. *Johnson*, 880 F.Supp.2d at 993; *Crawford v. JP Morgan Chase & Co.*, 531 F.App'x. 622, 627-28 (6th Cir. 2013) (applying Title VII's "materially adverse action" requirement to FMLA retaliation claim). An entitlement requirement would defeat the purpose of the statute because "where an employer engages in conduct that would dissuade a reasonable employee from seeking FMLA leave because of the *possibility* that a particular employee may need FMLA leave, the employer has both shown the required animus and engaged in conduct of sufficient gravity to brand the employer's actions as

retaliatory and in violation of the statute." *Johnson*, 880 F.Supp.2d. at 993 (emphasis in the original).

Other courts have agreed. As the First Circuit explained, an entitlement requirement creates an "ask at your peril" loophole to the protections accorded by § 2615, contrary to the purpose of the Act:

> The statute prohibits employer interference with both the exercise of rights provided under the FMLA and "the attempt to exercise any [such] right." 29 U.S.C. § 2615(a)(1). There is no requirement that the attempt be successful. It would seem too, that firing an employee for asking would also frustrate the aims of the Act even if the inquiring employee turns out to be ineligible. Such an "ask at your peril" approach could deter employees, including eligible employees uncertain of the extent of their rights, from taking the first step necessary to exercise their rights.

*McArdle v. Town of Dracut/Dracut Pub. Sch.*, 732 F.3d 29, 36 (1st Cir. 2013). The "ask at your peril" approach creates a particularly deterrent effect under the FMLA because the regulations that define a qualifying "serious health condition" are extensive and complicated. *See* Nicole Buonocore Porter, *Finding a Fix For the FMLA: A New Perspective, a New Solution*, 31 HOFSTRA LAB. & EMP. L.J. 327, 351 (2014) (noting that "[a]lthough the definition itself [of "serious health condition" ] does not seem overly complicated, it is fairly vague, which has led to very detailed regulations to implement it" along with a "great deal of litigation" over related issues, such as "what constitutes 'continuing treatment' and who qualifies as a 'health care provider'"); Maegan Lindsey, Comment, *The Family and Medical Leave Act: Who Really Cares?*, 50 S. TEX. L. REV. 559, 560 & n.5 (2009) (compiling cases that have dealt with the problem of interpreting

24

"serious health condition" and noting that the current trend in FMLA litigation has moved to a debate over interpreting the meaning of "to care for" under the statute).

An entitlement requirement allows an employer to pre-emptively fire an employee who, understandably, has questions about their entitlement to FMLA leave before utilizing their right to that entitlement. The facts in *Williams* are instructive. There, the plaintiff was eligible for and entitled to FMLA leave. When complications in her pregnancy arose, she asked about receiving more time off to accommodate both her period of bed rest and post-birth needs. Because the plaintiff was not entitled to any additional leave, the employer was within its rights to deny the leave. However, the discriminatory animus underlying the termination is exactly what the drafters of the FMLA anti-retaliation provision sought to curb because of the chilling effect the animus creates on employees who attempt to secure or advance their FMLA entitlements.

Moreover, an entitlement requirement incorrectly places the emphasis on the status of the individual plaintiff rather than the impermissible conduct. In the context of Title VII's anti-retaliation provision, the Supreme Court explained that "the substantive provision [of the statute] seeks to prevent injury to individuals based on who they are, *i.e.*, their status" while "the anti-retaliation provision seeks to prevent harm to individuals based on what they do, *i.e.*, their conduct." *Burlington*, 548 U.S. at 63. An FMLA entitlement requirement incorrectly focuses on an employee's status, *i.e.*, their entitlement to take leave. However, as explained above, an anti-retaliation provision effectuates that entitlement by prohibiting any antagonistic conduct which

would interfere with or chill use of the entitlement. Undue emphasis on the employee's status allows an employer's impermissible discriminatory animus to fester.

The facts in *Potts* and other situations in which an employee is misdiagnosed demonstrate the way in which an entitlement requirement frustrates the purpose of the statute. Imagine an employee's spouse is diagnosed with cancer and ordered to undergo chemotherapy treatment. The employee, believing in good faith that her spouse is suffering from a "serious health condition," takes FMLA leave to care for her spouse. In retaliation for taking FMLA the employer fires the employee. After the termination, the employee learns that her spouse never had cancer and underwent unnecessary chemotherapy. Ostensibly, because the employee's spouse did not suffer from a "serious health condition," an entitlement requirement would dispose of the employee's FMLA retaliation claim. This is so even though the employer harbored the required animus congress sought to prohibit towards the employee conduct which the legislature sought to protect. *See Potts*, 2006 WL 2474964 at *4 (finding that it "would be unjust" to prohibit a person who believes, in good faith, that a serious health condition entitles them to FMLA leave). The entitlement requirement's focus on the status of the employee is inconsistent with the purpose of the FMLA.

**b.** **The text of the statute and the DOL implementing regulations support a finding that requests for or inquiring about FMLA leave is protected activity**

The text of the FMLA, along with the DOL implementing regulations, support the conclusion that requesting FMLA leave is protected activity under 29 U.S.C. § 2615.

The *Johnson* court noted that § 2615 does not explicitly prohibit retaliation against employees for exercising rights under the FMLA. 29 U.S.C. § 2615. Nevertheless, courts have "uniformly held that § 2615(a) prohibits 'retaliation' for exercising FMLA rights, as well as 'interference' with the exercise of such rights." *Johnson*, 880 F.Supp.2d at 987; *see also Killian v. Yorozu Auto. Tenn. Inc.*, 454 F.3d 549, 555 (6th Cir. 2006). FMLA interference claims are sometimes referred to as "entitlement" claims, while FMLA retaliation claims are sometimes referred to as "discrimination" claims. *Id.* This is in recognition of the fact that the FMLA provides for both prescriptive and proscriptive employee rights. *Taylor v. Union Institute*, 30 F.App'x. 443, 452 (6th Cir. 2002) (citing *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 159 (1st Cir. 1998). The prescriptive provisions set substantive floors for conduct by employers and create entitlements for employees--such as twelve weeks of leave or reinstatement. *Hodgens*, 144 F.3d at 159. While the proscriptive provisions provide protection for employees related to those entitlements. *Id.* at 159-60 (characterizing both 29 U.S.C. § 2615(a)(1) & (2) as proscriptive).

As the *Johnson* court noted, courts have struggled to pinpoint which prong of § 2615 an FMLA retaliation claim stems from--(a)(1) or (a)(2)? 880 F.Supp.2d at 988; *Mann v. Mass. Correa Elec., J.V.*, 2002 WL 88915 at *5 (S.D.N.Y. Jan. 23, 2002). Indeed, this circuit is no exception. *Donald v. Sybra, Inc.*, 667 F.3d 757, 762 (6th Cir. 2012) (holding that the McDonnell-Douglas burden-shifting framework used in retaliation cases could be applied to FMLA interference claims); *Wysong v. Dow Chemical Co.*, 503

27

F.3d 441, 446-47 (6th Cir. 2007) (holding that the "interference" prong of FMLA, §
2615(a)(1), prohibits retaliatory discharge for taking leave and recognizing that a
retaliation claim is also cognizable under § 2615(a)(2)).

The *Johnson* court reasoned that, regardless of the statutory basis for an FMLA
retaliation claim, the DOL implementing regulations found in 29 C.F.R. § 825.220[9]
make clear that the § 2615 prohibits retaliation against an employee for attempting to
take FMLA leave. *Id.* at 989-90. The *Johnson* court then looked to the dictionary
definition of "attempt" and concluded that it encompasses "an unsuccessful effort."
880 F.Supp.3d at 992-93.

The *Potts* court also looked to the text of the statute and the implementing
regulations to find that a request for FMLA constituted protected activity. The court
found that while the prescriptive provisions of the FMLA state that only an "eligible
employee" may take leave, nothing in language of the FMLA anti-retaliation provision
limits relief to employees who "qualify" for or are entitled to take leave. *Potts*, 2006 WL
2474964 at *3 (comparing 29 U.S.C. § 2615 with § 2612). Rather, the proscriptive
provision, § 2615, "protects the attempt to exercise a right." *Id.* The *Potts* court also
analyzed the DOL's implementing regulations which provide that even "prospective
employees," who by definition are not yet even eligible to take leave, are protected

---

[9] In *Bryant v. Dollar General Corp.*, this Court held that 29 C.F.R. § 825.220 was a
reasonable interpretation of the statute entitled to *Chevron* deference. 538 F.3d 394, 401-
02 (6th Cir. 2008).

under the FMLA anti-retaliation provision. 29 C.F.R. § 825.220. Accordingly, the *Potts* court concluded that the statute protected employees who request or inquire about FMLA leave, even where they are not entitled to take it. 2006 WL 2474964 at *3.

### c. Analogous anti-retaliation provisions allow plaintiffs to maintain a good-faith retaliation claim even where they do not qualify for substantive relief

Several courts have noted that the FMLA's anti-retaliation provision mirrors the anti-retaliation provisions found in the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). *See e.g. Crawford*, 531 F.App'x. 622, 627 (6th Cir. 2013); *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 417 (6th Cir. 2021); *Bell v. Prefix, Inc.*, 321 F.App'x. 423, 428 n.2 (6th Cir. 2014); *Penny v. United Parcel Serv.*, 128 F.3d 408, 417 (6th Cir. 1997). Interpretations of those anti-retaliation provisions provide guidance as to the scope of protected activity under the FMLA and support a finding that requests for or inquiring about FMLA is protected activity.

### i. The scope of protected activity under FMLA includes conduct other than utilizing the substantive right

The *Johnson* court also looked to other analogous anti-retaliation provisions in support of its finding that protective activity under the FMLA includes a request to take leave even where the employee is not entitled to take leave. 880 F.Supp.2d at 993. The court adopted the Tenth Circuit's reasoning in *Wilkins v. Packerware Corp.*, which noted that under the analogous Americans with Disabilities Act ("ADA"), a plaintiff need not show that she suffered from an actual disability to bring an ADA retaliation claim and

instead needed only a "reasonable, good faith belief that the statute has been violated." 260 F.App'x. 98, 103 (10th Cir. 2008). The Tenth Circuit reasoned that such an approach "make[s] sense in the FMLA context as well" where, for example, an employee who took time off to care for an ailing spouse only to discover that the spouse was misdiagnosed and did not suffer from a "serious health condition." *Id.* "[I]t would arguably serve to defeat the purpose of the statute to allow the employer to fire the employee on the basis of a doctor's misdiagnosis." *Id.*

A definition of protected activity which includes an eligible employee's requests for or inquiries about FMLA, even where the employee is not ultimately entitled to take FMLA leave, is consistent with the boundaries of protected activity this Court has previously outlined. It is well-established that protected activity includes taking FMLA leave. *See e.g. Arban v. West Pub. Corp.*, 345 F.3d 390 (6th Cir. 2003). However, the scope of protected activity under FMLA expands beyond just taking leave. This Court and others have held that notifying an employer of the intent to take FMLA leave is protected activity. *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001) ("The right to take ... leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future."); *see also Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1276 n. 8 (11th Cir. 2012); *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 509 (3d Cir. 2009).

This Court has not required plaintiffs to take extensive or formal steps towards FMLA leave in order to find that they engaged in protected activity. To the contrary, a

plaintiff who "mentioned her potential medical leave" engaged in protected activity although she did not request leave, fill out paperwork, provide details about the surgery she was having, provide dates for when leave would begin, or provide information about how long she would be out of the office. *Johnson v. Fifth Third Bank*, 685 F.App'x. 379, 386 (6th Cir. 2017).

### ii.    The limiting principles utilized in other anti-retaliation provisions moot "slippery slope" concerns under the FMLA

At least one court has declined to extend FMLA retaliation protection to claims brought by employees who were not entitled to take leave for fear that such a holding would create a slippery slope whereby the FMLA applied to "every leave request*." See e.g. Hurley v. Kent of Naples, Inc.*, 746 F.3d 1161, 1167 (11th Cir. 2014). However, both the *Johnson* and *Williams* courts (and to a lesser extent the *Potts* court), adopted the good faith requirement applied to Title VII's analogous anti-retaliation provision. This approach—adopting a good-faith belief standard—moots this concern by appropriately limiting protected activity to reasonable, good-faith requests. This Court has already adopted this approach—according retaliation protection to good-faith requests even where the request was not ultimately entitled to substantive protection—in the context of the ADA. *Neely v. Benchmark Family Servs.*, 640 F.App'x. 429, 437 (6th Cir. 2016) (citing *Bryson v. Regis Corp.*, 498 F.3d 561 (6th Cir. 2007)).

31

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth herein, Plaintiff respectfully requests that this Honorable Court reverse the district court's Opinion and Order (RE 38) as to Plaintiff's FMLA claim and remand this case for further proceedings.

**DEBORAH GORDON LAW**

Dated:  October 29, 2021

/s/Deborah L. Gordon  (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com
*Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation pursuant to Fed. R. App. P. 32(a)(7)(B). The foregoing brief contains 7391 words of Garamond 14-point proportional type. The word processing software used to prepare this brief was Microsoft Word 2016.

**DEBORAH GORDON LAW**

Dated:  October 29, 2021

/s/Deborah L. Gordon  (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com
*Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

This certifies that Appellant's Brief was served on October 29, 2021, by electronic mail using the Sixth Circuit Court of Appeal's Electronic Case Filing system on all parties of record.

**DEBORAH GORDON LAW**

Dated:  October 29, 2021

/s/Deborah L. Gordon  (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com
*Attorneys for Plaintiff-Appellant*

## DESIGNATION OF RECORD

| Record Entry No. | Date Entered | Description of Entry | Page ID Range |
|---|---|---|---|
| 1 | 8/11/20 | Complaint and Demand for Jury Trial | 13-15 |
| 14 | 10/8/20 | First Amended Complaint and Demand for Jury Trial | 88-108 |
| 23 | 11/19/20 | Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Request for Sanctions | 127-168 |
| 27 | 12/10/20 | Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Request for Sanctions | 259-299 |
| 32 | 12/23/20 | Defendants' Reply Brief in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Company and Request for Sanctions | 328-329 |
| 35 | 4/28/21 | Case Management Order | 354-355 |
| 38 | 6/4/21 | Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss | 359-372 |