<u>Case No. 21-2685</u>
UNITED STATES COURT OF APPEALS
<u>FOR THE SIXTH CIRCUIT</u>

POLINA MILMAN

Plaintiff-Appellant,

v.

FIEGER & FIEGER, P.C., D/B/A FIEGER, FIEGER, KENNEY &
HARRINGTON, P.C., AND GEOFFREY FIEGER

Defendants-Appellees.
_____

On Appeal from the United States District Court
Eastern District of Michigan
Docket No. 20-cv-12154
The Honorable Stephen J. Murphy, III
_____

**BRIEF ON APPEAL OF
DEFENDANTS-APPELLEES**

**\*\* ORAL ARGUMENT REQUESTED \*\***

**CERTIFICATE OF COMPLIANCE/CERTIFICATE OF SERVICE**

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

FIEGER, FIEGER, KENNEY &
HARRINGTON, P.C.

Robert G. Kamenec (P35283)
Geoffrey N. Fieger (P30441)
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
r.kamenec@fiegerlaw.com
g.fieger@fiegerlaw.com

*Attorneys for Defendants-Appellees*
*Fieger & Fieger, P.C., d/b/a Fieger,*
*Fieger, Kenney & Harrington, P.C., and*
*Geoffrey Fieger*

# CORPORATE DISCLOSURE

Pursuant to Sixth Circuit Rule 26.1, Defendants-Appellees, Fieger & Fieger, P.C., d/b/a Fieger, Fieger, Kenney & Harrington, P.C., and Geoffrey Fieger, make the following disclosures:

1.    Are any of said Parties a subsidiary or affiliate of a publicly owned corporation?

    *No*.

2.    Is there a publicly owned corporation, not a party to the appeal, which has a financial interest in the outcome?

    *No*.

*/s/ Robert G. Kamenec*                    DATED:  January 13, 2022
Robert G. Kamenec

# TABLE OF CONTENTS

CORPORATE DISCLOSURE ..................................................................1

TABLE OF CONTENTS..........................................................................i

TABLE OF AUTHORITIES .....................................................................i

STATEMENT IN SUPPORT OF ORAL ARGUMENT ........................................vi

JURISDICTIONAL STATEMENT REGARDING PLAINTIFF'S APPEAL.........1

COUNTERSTATEMENT OF THE ISSUES PRESENTED...................................2

    I.   WHETHER THE DISTRICT COURT PROPERLY GRANTED DEFENDANTS' MOTION TO DISMISS WHEN PLAINTIFF FAILED TO ALLEGE AN EXISTING "SERIOUS HEALTH CONDITION" OF HER MINOR SON, REQUIRED TO ESTABLISH A RETALIATION CLAIM UNDER THE FAMILY MEDICAL LEAVE ACT ("FMLA") THE ABSENCE OF WHICH PLAINTIFF ADMITTED DURING MOTION PRACTICE AND NOW ADMITS ON APPEAL? ....................................................................2

    II.  WHETHER THIS COURT SHOULD RULE AS A MATTER OF FIRST IMPRESSION THAT A PLAINTIFF PURSUING AN FMLA RETALIATION CLAIM IS ENTITLED TO A PRESENT FMLA LEAVE WITHOUT A PRESENT ENTITLEMENT TO SUCH A LEAVE BUT INSTEAD PREMISED UPON THE ALLEGED "GOOD FAITH" BELIEF OF THE PLAINTIFF THAT THERE MIGHT BE A "SERIOUS HEALTH CONDITION" IN THE FUTURE?............................2

    III. WHETHER THIS COURT SHOULD AFFIRM ON THE ALTERNATIVE BASIS RAISED BY DEFENDANTS AT THE DISTRICT COURT LEVEL THAT PLAINTIFF FAILED TO PLAUSIBLY STATE THAT SHE PROVIDED THE REQUISITE NOTICE OF FMLA LEAVE TO PROCEED WITH A *PRIMA FACIE* CASE? ....................................................................2

STATEMENT OF THE CASE....................................................................3

    A.  Introduction. ..........................................................................3

    B.  Statement of Facts. ...................................................................6

    1.  Plaintiff's Recitation of the Facts in Her First Amended Complaint ........6

    2.  Defendants' Motion to Dismiss. ....................................................8

    3.  Plaintiff's Response to Motion to Dismiss........................................9

4.   Defendants' Reply Brief. .......................................................... 10

5.   Oral Argument on Defendants' Motion to Dismiss. ................. 11

6.   The district court's Opinion and Order. .................................. 13

SUMMARY OF THE ARGUMENT ............................................................ 15

STANDARD OF REVIEW ......................................................................... 17

ARGUMENT I ........................................................................................... 19

THE DISTRICT COURT PROPERLY GRANTED DEFENDANTS'
MOTION TO DISMISS WHEN PLAINTIFF FAILED TO ALLEGE
AN EXISTING "SERIOUS HEALTH CONDITION" OF HER
MINOR SON REQUIRED TO ESTABLISH A RETALIATION
CLAIM UNDER THE FMLA, THE ABSENCE OF WHICH
PLAINTIFF ADMITTED DURING MOTION PRACTICE AND
NOW ADMITS ON APPEAL. .......................................................... 19

A.   Introduction-Summary. ........................................................... 19

B.   The Act. .................................................................................... 19

C.   FMLA Private Right of Action ................................................ 21

D.   Argument. ................................................................................. 22

ARGUMENT II .......................................................................................... 26

THIS COURT SHOULD NOT RULE AS A MATTER OF FIRST
IMPRESSION THAT A PLAINTIFF PURSUING AN FMLA
RETALIATION CLAIM IS ENTITLED TO A PRESENT FMLA
LEAVE WITHOUT A PRESENT ENTITLEMENT TO SUCH A
LEAVE BUT INSTEAD PREMISED UPON THE ALLEGED "GOOD
FAITH" BELIEF OF THE PLAINTIFF THAT THERE MIGHT BE A
"SERIOUS HEALTH CONDITION" IN THE FUTURE. ........................... 26

A.   Introduction-Summary. ........................................................... 26

B.   Argument. ................................................................................. 27

1.   A *present* serious health condition is required to be plausibly pled
when it is the entitlement trigger under the FMLA. ................. 27

2.   The text of the FMLA and interpretive case law are not defined by
Title VII. .................................................................................. 33

3.   There is no "good faith" provision found in the FMLA nor justified
by relevant case law. ................................................................. 37

4. Plaintiff's position is inconsistent with Congressional intent reflected in the FMLA and supporting Code Regulations. ......................42

ARGUMENT III .............................................................................45

THIS COURT SHOULD AFFIRM ON THE ALTERNATIVE BASIS RAISED BY DEFENDANTS AT THE DISTRICT COURT LEVEL THAT PLAINTIFF FAILED TO PLAUSIBLY STATE THAT SHE PROVIDED THE REQUISITE NOTICE OF FMLA LEAVE TO PROCEED WITH A *PRIMA FACIE* CASE. ..................................................45

CONCLUSION ................................................................................50

CERTIFICATE OF COMPLIANCE .........................................................1

CERTIFICATE OF SERVICE ................................................................1

DESIGNATION OF RECORD ...............................................................1

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Anderson v. Mcintosh Const., LLC*,
   597 F. App'x 313 (6th Cir. 2015) .................................................................. 46, 47

*Appleton v. First Nat'l Bank of Ohio*,
   62 F. 3d 791 (6th Cir. 1995) ...................................................................... 36

*Arban v. West Pub. Corp.*,
   345 F.3d 390 (6th Cir. 2003) ..................................................................... 18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................. 17

*Aubuchon v. Knauf Fiberglass, GMBH*,
   359 F.3d 950 (7th Cir. 2004) ..................................................................... 46

*Avena v. Imperial Salon & Spa, Inc.*,
   740 F. App'x 679 (11th Cir. 2018) .............................................................. 49

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
   528 F.3d 526 (6th Cir. 2008) .................................................................. 17, 18

*Bauer v. Dayton-Walther Corp.*,
   910 F. Supp. 306 (E.D. KY, 1996) ............................................................. 30

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007). ................................................................................ 17

*Bond v. Abbott Labs*,
   7 F. Supp. 2d. 967 (N.D. Ohio 1998) .................................................. 18, 23, 47

*Branham v. Gannett Satellite Information Network, Inc.*,
   619 F.3d 563 (6th Cir. 2010) ............................................................. 21, 22, 28

*Brohm v. JH Properties, Inc.*,
   149 F.3d 517 (6th Cir. 1998) .................................................................. 45, 46

*Brown v. Tidwell*,
   169 F.3d 330 (6th Cir. 1999) ..................................................................... 45

*Bryant v. Delbar Prod., Inc.*,
   18 F. Supp. 2d. 799 (M.D. Tenn. 1998) ...................................................... 49

*Burrage v. United States*,
   571 U.S. 204; 134 S. Ct. 881 (2014) ......................................................... 5, 43

*Caminetti v. United States*,
   242 U.S. 470 (1917) ................................................................................. 36

*Chandler v. Specialty Tires Of Am., Inc.*,
   283 F.3d 818 (6th Cir. 2002) ..................................................................... 35

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*,
  508 F.3d 327 (6th Cir. 2007) ................................................................. 8
*Commissioner v. Lundy*,
  516 U.S. 235 (1996) ............................................................................... 5
*Edgar v. Jac Prods., Inc.*,
  443 F.3d 501 (6th Cir. 2006) ............................................................... 22
*Gipson v. Vought Aircraft Indus., Inc.*,
  387 F. App'x 548 (6th Cir. 2010) ............................................. 15, 29, 46
*Glander v. Ngk Spark Plugs, Inc.*,
  2012 W.L. 5828620 (E.D. Mich. Oct. 25, 2012) .............................. 15, 29
*Hampton v. Nat'l Am. Red Cross*
  3 F. Supp. 3d 612 (W.D. Ky. 2014) ...................................................... 24
*Hensley Mfg. V. Propried, Inc.*,
  579 F.3d. 603 (6th Cir. 2009) .............................................................. 17
*Hoge v. Honda of Am. Mfg., Inc.*,
  684 F.3d. 238 (6th Cir. 2004) .............................................................. 21
*Hurley v. Kent of Naples, Inc.*,
  746 F.3d. 1161 (11th Cir. 2014) ............................................ 30, 31, 44, 45,
*Johnson v. Baptist Health South Florida, Inc.*,
  2017 W.L. 2988275 (S.D. Fl. 2017) ..................................................... 39
*Johnson v. Dollar General*,
  880 F. Supp. 2d. 967 (N.D. Iowa 2012) ............................................... 40
*Johnson v. Kmart*,
  596 F.Supp.2d. 1045 (E.D. Mich. 2009) .......................................... 37, 38
*Katoula v. Detroit Entertainment, LLC*,
  557 F. App'x. 496 (6th Cir. 2014) ........................................................ 23
*McArdle v. Town of Dracut/Dracut Public Sch.*,
  732 F.3d 29 (1st Cir. 2013) .................................................................. 24
*McDonnell Douglas Corp v. Green*,
  411 U.S. 792 (1973) ............................................................................. 34
*McMillian v. Potter*,
  130 F. App'x. 793 (6th Cir. 2005) ........................................................ 22
*Milne v. Navigant Consulting*,
  2010 W.L. 4456853 (S.D.N.Y October 27, 2010) ................................ 49
*Mora v. Chem-Tronics, Inc.*,
  16 F. Supp. 2d 1192 (S.D. Cal. 1998) .................................................. 49
*Morris v. Family Dollar Stores Of Ohio, Inc.*,
  320 F. App'x. 330 (6th Cir. 2009) ............................ 13, 15, 22, 23, 29
*Nationwide Bldg. Maint., Inc. v. Reich*,
  14 F.3d. 1102 (6th Cir. 1994) .............................................................. 36

*Navarro v. Pfizer Corp.*,
   261 F.3d. 90 (1st Cir. 2001)............................................................................... 35, 36

*Nawrocki v. United Methodist Ret. Cmty., Inc.*,
   174 F. App'x 334 (6th Cir. 2006) ............................................................. 15, 23, 29

*Novak v. MetroHealth Med. Ctr.*,
   503 F.3d 572 (6th Cir. 2007) ..................................................................................... 22

*Palmer v. Cacioppo*,
   429 F. App'x. 491 (6th Cir. 2011) ................................................................... 22, 23

*Pereda v. Brookdale Senior Living Cmtys., Inc.*,
   666 F.3d. 1269 (11th Cir. 2012) .............................................................................. 39

*Potts v. Franklin Elec. Co.*,
   2006 W.L. 2474964 (E.D. OK. 2006) .......................................................... 32, 33

*Ragsdale v. Wolverine Worldwide, Inc.*,
   535 U.S. 81 (2002) ..................................................................................................... 36

*Reeves v. Sanderson Plumbing Prods., Inc.*,
   530 U.S. 133 (2000) ................................................................................................... 34

*Roberts v. Human Dev. Ass'n*,
   4 F. Supp. 2d. 154 (E.D. N.Y. 1998) .................................................................... 49

*Rush v. E.I. DuPont DeNemours and Co.*
   911 F. Supp. 2d 545 (S.D. Ohio 2012) ............................................................... 24

*Seeger v. Cincinnati Bell Tel. Co., LLC*,
   681 F.3d. 274 (6th Cir. 2012) ................................................................................. 22

*Seidle v. Provident Mut. Life Ins. Co.*,
   871 F. Supp. 238 (E.D. PA., 1994)........................................................................ 29

*Skrjanc v. Great Lakes Power Serv. Co.*
   272 F.3d 309 (6th Cir. 2001) ................................................................................. 24

*Sutton v. United Airlines, Inc.*,
   527 U.S. 471 (1999) ................................................................................................... 35

*United States v. Ron Pair Enter., Inc.*,
   489 U.S. 235 (1989) ................................................................................................... 36

*Walton v. Ford Motor Co.*,
   424 F.3d 481 (6th Cir. 2005) ................................................................................. 47

*Weiler v. Draper Chevrolet Co.*,
   2012 W.L. 3758732 (E.D. Mich. Aug. 29, 2012)............................................... 50

*Williams v. Schuller Intern. Inc.*,
   29 F.App'x. 306 (6th Cir. 2002)............................................................................. 47

*Williams v. Crown Liquors Of Broward, Inc.*,
   878 F.Supp.2d. 1307 (S.D. FL. 2012) .......................................................... 33, 39

*Wilson v. Safelite Grp., Inc.*,
   930 F.3d. 429 (6th Cir. 2019) ................................................................................. 18

*Winget v. JP Morgan Chase Bank, N.A.*,
  537 F.3d. 565 (6th Cir. 2008) ............................................................ 17
*Winnett v. Caterpillar, Inc.*,
  553 F.3d. 1000 (6th Cir. 2009) ......................................................... 17

STATUTES

28 U.S.C. § 1291 ................................................................................... 8
28 U.S.C. § 1331 ................................................................................... 8
28 U.S.C. § 2612(a)(1) ....................................................................... 36
28 U.S.C. § 2612(a)(1)(E) ................................................................. 8, 9
29 U.S.C. § 2601(b)(2) ................................................................. 43, 45
29 U.S.C. § 2611 ......................................................................... 20, 24
29 U.S.C. § 2611(2)(B)(II) AND § 2611(2)(A) .................................. 20
29 U.S.C. § 2611(11) ............................................................... 9, 10, 20
29 U.S.C. § 2612(a)(1)(C) ...................................................... 19, 35, 43
29 U.S.C. § 2612(a)(1)(D) ................................................................. 23
29 U.S.C. § 2612(e)(1) ........................................................... 31, 33, 43
29 U.S.C. § 2612(e)(2) ....................................................................... 44
29 U.S.C. § 2615(a)(1) ....................................................................... 21
29 U.S.C. § 2615(a)(2) .................................................................. 21, 37
29 U.S.C. § 2654 ................................................................................ 36
29 U.S.C. § 2612 ................................................................................ 24

RULES

Fed. R. Civ. P. 12(B)(6) ................................................................ 9, 17, 22
Fed. R. Civ. P. 50(B) ......................................................................... 30
Sixth Circuit Rule 26.1 ........................................................................ 1
Sixth Circuit Rule 34(A) ......................................................... vi, 10, 11

REGULATIONS

29 C.F.R. § 825.100 ........................................................................... 20
29 C.F.R. § 825.113(B) ...................................................................... 20
29 C.F.R. § 825.113(D) ........................................................... 4, 20, 47
29 C.F.R. § 825.114 ........................................................................... 20
29 C.F.R. § 825.115(C) ...................................................................... 30
29 C.F.R. § 825.300(B) ...................................................................... 21
29 C.F.R. § 1825.114(A)(2)(I) ........................................................... 35

OTHER AUTHORITIES

*The Decision-Making Process In Federal Courts Of Appeal*,
  51 Ohio St. L. J. 1385 (1991).................................................................................... 9

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

As provided in Sixth Circuit Rule 34(a), Defendants-Appellees Fieger & Fieger, P.C., d/b/a Fieger, Fieger, Kenney & Harrington, P.C. and Geoffrey Fieger request this Court docket this appeal for oral argument. Plaintiff-Appellant Polina Milman contends this case involves a matter of first impression in the Sixth Circuit under the Family and Medical Leave Act (FMLA). It is Defendants' belief that oral argument is necessary to answer any questions this Court may have to dissuade Plaintiff's assertion and to reaffirm the scope of the FMLA.,

Justice Brennan once said that "oral argument is the absolutely indispensable ingredient of appellate advocacy. . . . [O]ften my whole notion of what a case is about crystallizes at oral argument."  Robert L. Stern, Supreme Court Practice, p. 671 (2002) quoting Brennan in Harvard Law School Occasional Pamphlet No. 9, 22-23 (1967). Justice Ginsburg has likewise explained that oral argument gives counsel "notice and a last clear chance to convince the Court concerning points on which the decision may turn."  *Id.*, quoting Ginsburg, *Address to the Dinner of American Law Institute*, 58 (5/19/94). Sixth Circuit Senior Judge Gilbert S. Merritt likewise recognized that the core of the adversary process is oral argument, a tradition which provides a "hedge against misdiagnosis and misperformance in the brief, the one last chance of locating a postern missed in the advance survey."

Merritt, *Judges on Judging: The Decision-Making Process in Federal Courts of Appeal*, 51 Ohio St. L. J. 1385, 1386-1387 (1991).

**JURISDICTIONAL STATEMENT REGARDING PLAINTIFF'S APPEAL**

**District Court:**    The United States District Court for the Eastern District of Michigan had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

**Sixth Circuit:**    The United States Court of Appeals for the Sixth Circuit has jurisdiction over this matter pursuant to 28 U.S.C. § 1291, as the Appeal in this matter [R.E. 40] was taken from the final Judgment [R.E. 39] and the accompanying Opinion and Order Granting In Part and Denying In Part Defendants' Motion to Dismiss [23] [R.E. 38].

## COUNTERSTATEMENT OF THE ISSUES PRESENTED

I.     WHETHER THE DISTRICT COURT PROPERLY GRANTED DEFENDANTS' MOTION TO DISMISS WHEN PLAINTIFF FAILED TO ALLEGE AN EXISTING "SERIOUS HEALTH CONDITION" OF HER MINOR SON, REQUIRED TO ESTABLISH A RETALIATION CLAIM UNDER THE FAMILY MEDICAL LEAVE ACT ("FMLA") THE ABSENCE OF WHICH PLAINTIFF ADMITTED DURING MOTION PRACTICE AND NOW ADMITS ON APPEAL?

II.    WHETHER THIS COURT SHOULD RULE AS A MATTER OF FIRST IMPRESSION THAT A PLAINTIFF PURSUING AN FMLA RETALIATION CLAIM IS ENTITLED TO A PRESENT FMLA LEAVE WITHOUT A PRESENT ENTITLEMENT TO SUCH A LEAVE BUT INSTEAD PREMISED UPON THE ALLEGED "GOOD FAITH" BELIEF OF THE PLAINTIFF THAT THERE MIGHT BE A "SERIOUS HEALTH CONDITION" IN THE FUTURE?

III.   WHETHER THIS COURT SHOULD AFFIRM ON THE ALTERNATIVE BASIS RAISED BY DEFENDANTS AT THE DISTRICT COURT LEVEL THAT PLAINTIFF FAILED TO PLAUSIBLY STATE THAT SHE PROVIDED THE REQUISITE NOTICE OF FMLA LEAVE TO PROCEED WITH A *PRIMA FACIE* CASE?

## STATEMENT OF THE CASE

### A.    Introduction.

Contrary to the enunciated purpose and text of the Family Medical Leave Act ("FMLA") and governing code regulations, Plaintiff-Appellant Polina Milman ("Plaintiff" or "Milman") seeks to broaden Congress' scope of protection with a unique argument: Plaintiff claims retaliation in the form of discharge arising from a *pre-entitlement* request for a *pre-entitlement* leave for a *present* medical condition specifically excluded as a "*serious health condition.*" Plaintiff contends she is entitled to FMLA protection because when an employee has a "good faith" belief that the present medical condition may, in the future, rise to the level of a "serious health condition," the employer may not take adverse employment action against the employee, even when the medical condition never rises to such a serious level. Plaintiff never alleged such a good faith belief in her pleading, nor did Plaintiff even seek medical treatment at the time of the alleged request for an FMLA leave. In short, to state Plaintiff's proposition is to effectively refute it.

Under well-established law of this Circuit and every other Circuit, a plaintiff must allege facts which, if proven, would demonstrate plaintiff *has* a substantive right under the FMLA. To allow a *prima facie* case of FMLA retaliation, a plaintiff must assert facts demonstrating, *inter alia,* that she was engaged in an activity

protected by the FMLA. Plaintiff agrees. However, absent a "serious health condition" as defined by the Act there is no entitlement to a present leave under the FMLA and thus no violation of the Act.

In her First Amended Complaint [R.E. 14] ("FAC"), Plaintiff asserts her minor son had previous bouts with RSV[1], ¶ 45, that on March 17, 2020, he had an occasional cough and runny nose, together with gastrointestinal issues, ¶ 54, his symptoms "persisted" [not increased, except "GI issues" progressed to diarrhea], ¶ 59, and on this basis, contends she, as her son's mother, was entitled a present FMLA leave of absence from her employer, Defendant-Appellee, Fieger & Fieger, P.C. d/b/a Fieger, Fieger, Kenney & Harrington, P.C. ("Fieger Law") and its president Geoffrey Fieger ("Fieger") (collectively, "Defendants"). Plaintiff acknowledges 29 C.F.R. § 825.113(d) providing in pertinent part that "[o]rdinarily, unless complications arise, *the common cold*, the flu, earaches, *upset stomach*…are examples of conditions *that do not meet the __definition__ of a __serious health condition__ and do not qualify for FMLA leave*" (emphasis added), but argues a good faith anticipation of a future serious health condition which does not presently exist and has not even been diagnosed by a physician as a condition that would evolve into a

---

[1] According to the CDC, RSV is "a common respiratory virus that usually causes mild, cold-like symptoms." *See Respiratory Syncytial Virus Infection (RSV)*, CENTER FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/rsv/index.html (last visited August 31, 2020).

serious health condition, nonetheless entitles Plaintiff to a present FMLA leave. From there, Plaintiff argues she made a specific request for such an FMLA leave and, that being denied and upon her discharge, she was subject to FMLA retaliation for which a cause of action exists and for which damages should be awarded.

The district court properly determined Plaintiff's FAC does not plausibly state that Plaintiff was engaged in statutorily protected FMLA activity, and thus could not pursue a retaliation claim. On this basis, this Court should affirm. Additionally, and for related reasons, this Court should affirm on the alternative basis that Plaintiff failed to plausibly plead facts demonstrated she provided the requisite notice of an FMLA claim.

This is not a case of a litigant blazing a legal trail based on a logical extension of the existing law. Nor does this case present a novel theory of liability which as applied would provide manageable limits of FMLA protection. No, Plaintiff asks this Court to ignore the plain language of the governing statutes and accompanying codes in deference to her subjective belief that her peculiar interpretation of the logical extension of FMLA law would accord with good policy. The role of the Court is to apply the statutes and regulations as written, even if the Court would believe that some other approach might accord with good policy, *Burrage v. United States*, 571 U.S. 204; 134 S. Ct. 881, 882 (2014) (quoting *Commissioner v. Lundy*, 516 U.S. 235, 252; 16 S. Ct. 647 (1996), a charge heeded by the district court.

**B.    Statement of Facts.**

**1. Plaintiff's Recitation of the Facts Alleged in Her First Amended Complaint.**

In May 2018, Defendants hired Plaintiff. (R.E. 14 First Amended Complaint ("FAC"), ¶ 9, PageID.90). According to Plaintiff, on Friday, March 13, 2020, her children's childcare facility announced it would close at the end of day and remain closed throughout the following week. *Id.* at ¶ 21, PageID.91.

On Saturday, March 14, 2020, Plaintiff claims she emailed one of Defendants' managing attorneys, James Harrington ("Harrington"), "to inform him that her children's daycare facility was closed because of Covid-19." *Id.* at ¶ 26, PageID.92. The next day, Sunday, March 15, 2020, Plaintiff claims she emailed Harrington to express concerns about COVID-19. *Id.* at ¶ 27, PageID.92. Plaintiff explained her son "***previously*** contracted" a common childhood illness, RSV, and "spent five days in the hospital" at that time, he "***recently*** had another episode which required him to use a nebulizer," and she was "worried her son's ***previous*** bout with RSV left him particularly vulnerable to contracting COVID-19." *Id.* at ¶¶ 28-30. PageID.92. (emphasis added). Plaintiff claims she "sought to ***work from home***" on both Monday, March 16 and Tuesday, March 17, *Id.* at ¶ 31, PageID.92 (emphasis added), ***not*** that she was seeking medical leave. Harrington instructed Plaintiff to contact Fieger concerning her request to work from home, and told her if her request was

denied, she could apply her personal time off. *Id.* at ¶ 32, PageID.93. On Monday, March 16, Fieger denied Plaintiff's remote work request. *Id.* at ¶ 37, PageID.93.

On Tuesday, March 17, 2020, Attorney Marc Berlin, Plaintiff's direct supervisor, asked Plaintiff if she planned to return to work on Thursday, March 19. *Id.* at ¶ 42, PageID.94. In response, Plaintiff claims she "explained that she planned to come into the office but that her children's daycare facility remained closed because of concerns about COVID-19." *Id.* at ¶ 43, PageID.94. Plaintiff also claims "[a]s the day progressed, [her] son developed an occasional cough, runny nose, and gastrointestinal issues." *Id.* at ¶ 45, PageID.94.

Plaintiff next asserts that on Wednesday, March 18, her "son's symptoms persisted throughout the day, with his gastrointestinal issues progressing to diarrhea." *Id.* at ¶ 54, PageID96. Thereafter, Berlin emailed Plaintiff to confirm she would return to the office on Thursday, March 19, and Plaintiff "responded affirmatively." *Id.* at ¶¶ 56-57, PageID.96. However, on Thursday, March 19, 2020, Plaintiff emailed Wanda Lovelace of Human Resources—*not* Fieger, Harrington, or Berlin—and stated:

> Wanda, my child is ***showing the beginnings of some mild symptoms I would normally associate with a cold.*** Under these circumstances I can't dismiss any symptoms especially in a child. I strongly feel I need stay away from the office if at all possible at this time. If unpaid time away from the office is an option and the only option I would do that. Let me know.

(R.E. 23, Motion to Dismiss, R.E. 2, PageID.181 Plaintiff's Thursday March 19, 2020 email, (emphasis added));[2] *see also* R.E. 14, ¶¶ 59-60, PageID.96. In response, Lovelace advised Plaintiff she could work remotely for the rest of week. *Id.* at ¶ 61, PageID.97. Plaintiff worked remotely on Thursday, March 19. *Id.* at ¶ 63, PageID.97. Subsequently, around 5 p.m. on March 19, Defendants terminated Plaintiff's employment. *Id.* at ¶ 64, PageID.97.[3]

On August 11, 2020, Plaintiff filed her original complaint. *Id.* at ¶ 74, PageID.99. On October 8, 2020, Plaintiff filed her FAC (R.E. 14, PageID.88-108), in effect when the district court considered and granted a dismissal of Plaintiff's federal law claims found in Count I, Violations of FMLA, both interference and retaliation (only the latter defended in the district court and now pursued on appeal). *Id.* at ¶¶ 83-95, PageID.100-101.

**2. Defendants' Motion to Dismiss.**

---

[2] Because Plaintiff's First Amended Complaint referred expressly to certain emails, which are integral to her claims, the district court was allowed to consider them when resolving Defendants' Motion to Dismiss. *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) ("[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment."). Plaintiff did not so object in the district court, nor does she object or disavow the emails on appeal.

[3] While Defendants strongly deny the narrative presented, Defendants will not delve into the basis for termination because it is irrelevant for the purposes of this Rule 12(b)(6) appeal.

In lieu of filing an answer, on November 19, 2020 Defendants filed their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), in which they asserted *inter alia* Plaintiff's failure to allege her child suffered from a "serious health condition" defined by the FMLA required dismissal of the FAC. (R. E. 23, Motion to Dismiss, starting at PageID.127).[4] Defendants argued Plaintiff was not entitled to a FMLA leave under 28 U.S.C. § 2612(a)(1)(E) because she did not allege her son was suffering from a "serious health condition," defined as "an illness, injury, impairment, or physical or mental condition that involves" either "in patient care in a hospital, hospice, or residential medical care facility" or "continuing treatment by a health care provider." 29 U.S.C. § 2611(11). (R.E. 23 PageID.147-152). Defendants also argued Plaintiff failed to plausibly plead she provided the requisite notice for an FMLA leave. *Id.* at PageID.153-154.

### 3. Plaintiff's Response to Motion to Dismiss.

On December 10, 2020, Plaintiff filed her Response to Defendants' Motion to Dismiss. (R.E. 27, Response, starting at PageID.259). In that Response, Plaintiff asserted that as "[a]s [Thursday, March 19, 2020] progressed, Plaintiff's son developed an occasional cough, runny nose, and gastrointestinal issues" "which

---

[4] Defendants also argued Plaintiff failed to provide notice of the FMLA leave requested as required under federal law, briefed as an alternative ground to affirm in Argument III.

.

progressed to diarrhea." *Id*. at PageID.268-269. Plaintiff stated that on the morning of Thursday, March 19, 2020, she emailed Lovelace stating that "her son's symptoms were not any better and that she had major concerns about working in the office because of her son's condition." *Id.* at PageID.269. Plaintiff did ***not*** assert that her son presented a "serious health condition" nor did Plaintiff seek to amend the FAC to so claim or to assert that her son had sought medical treatment for his occasional cough, runny nose, and diarrhea. Instead, in her Response, Plaintiff claimed that she "emailed Lovelace informing her that her child was sick and experiencing principal symptoms of COVID-19," citing to ¶ 59 of the FAC, PageID.96. *Id.* at PageID.276. However, ¶ 59 of the FAC does not so provide:

> 59. On the morning of Thursday, March 19, 2020, Plaintiff emailed Lovelace stating that her son's symptoms were not any better and that she had major concerns about working in the office because her son's condition.

(R.E. 14, PageID.96). Plaintiff also claimed that she asserted facts which plausibly satisfy the notice requirement of an FMLA retaliation claim when she "expressed concerns about coming into the office and offered to take unpaid leave, if necessary, to stay out of the office" and "emailed Lovelace informing her that her child was sick and experiencing principal symptoms of COVID-19." (R.E. 27, Response Brief, PageID.276).

### 4. Defendants' Reply Brief.

On December 23, 2020, Defendants filed their Reply Brief in Support of their

Motion to Dismiss, in which they noted:

> Plaintiff's Response admits that she is *not* claiming that she has an
> FMLA-qualified condition, or that her son actually had a serious health
> condition.

(R.E. 32, Defendants' Reply Brief, PageID.328 (italics original)).[5]  Defendants also

asserted that Plaintiff's claimed notice of her intent to take FMLA leave was

insufficient as pled because the information imparted to Defendants was not

sufficient to reasonably apprise an employer of the employee's request to take time

off for a serious health condition. *Id.*at 330-331.

### 5.  Oral Argument on Defendants' Motion to Dismiss.

On May 18, 2021, the district court held oral argument on Defendants' Motion

to Dismiss. (R.E. 42, Transcript of Motion to Dismiss, starting at PageID.378).

Counsel for Defendants argued whether there is a serious health condition is a

question of law for the court to decide, *Id.* at PageID.384, there was no allegation in

the FAC that the Plaintiff's son's previous condition of RSV existed at the time of

the incident, there was no allegation of either hospitalization or Plaintiff's son even

---

[5] Given Plaintiff's Response, Defendants also replied that Plaintiff had failed to
allege an FMLA-qualifying condition in the FAC or in the Response, PageID.330,
and in fact all of the case law cited by Plaintiff involved plaintiff employees who
sought leave for an ***existing*** serious health condition. *Id.* at PageID.329 (bolding
original).

seeing a health care practitioner, *Id.*, and a serious health condition is a predicate to an FMLA claim for both interference and for retaliation. *Id.* at 387. Counsel cited specifically to the email sent by Plaintiff to Defendants, of record, arguing "the symptomology in there does not--does not remotely approach an FMLA qualifying condition." *Id.* at 390.

Counsel for Plaintiff then commenced her argument, starting at PageID.391 through PageID.403. Counsel never asserted the FAC contained an allegation of a present "serious health condition" at the time of the alleged requested FMLA leave, but instead argued that since Plaintiff was "***eligible***" as an employee for FMLA leave [notably, not claiming Plaintiff was ***entitled*** to FMLA protection], the FAC stated a cause of action because Plaintiff made a good-faith assertion of the need for an FMLA leave. *Id.* at PageID.395.

On rebuttal, Defense Counsel noted there was no claim of hospitalization current to the time of discharge, the law still required facts to be pled which, if proven, would satisfy a serious health condition, and Plaintiff's very email, describing the "beginnings of some mild symptoms that would normally be associated with a cold," did not constitute an allegation arising to a level of a serious health condition, *Id.* at 405, citing the Code of Federal Regulations.[6]   Defense

---

[6] C.F.R. § 825.113(d) provides:

*(cont'd next page)*

Counsel further explained "potential dangers of an illness that are not present do not constitute a serious health condition." *Id.* at 409.

### 6. The district court's Opinion and Order.

On June 4, 2021, the district court issued its Opinion and Order Granting In Part and Dismissing In Part Defendants' Motion to Dismiss [23] ("Opinion and Order"), found at R.E. 38, starting at PageID.359. Noting that Plaintiff was pursuing only an FMLA retaliation claim, *Id.*at PageID.363, the district court reasoned a *prima facie* FMLA retaliation claim requires four elements, the first of which was the claimant was engaged in a statutorily protected activity. *Id.* "The Court's analysis begins and ends with the first element." *Id.* at 364. "[I]f Plaintiff cannot plead that she sought leave 'on account of [her son's] serious health condition,' then she cannot establish 'that [s]he engaged in an activity protected by the FMLA,' " citing *Morris v. Family Dollar Stores of Ohio, Inc*., 320 F. App'x. 330, 338 (6th Cir. 2009). *Id.* at PageID.364. The district court found "Plaintiff failed to argue whether she was entitled to FMLA leave," citing PageID.273-279, but instead was arguing that she could assert an FMLA retaliation claim "*without* being "entitled to take leave." See

---

> Ordinarily, unless complications arise, **the common cold**, the flu, earaches, **upset stomach**, minor ulcers, headaches other than migraine, routine dental or orthodontia problems, periodontal decease, etc., are examples of conditions that **do not meet the <u>definition</u> of a <u>serious health condition</u> and do not qualify for FLMA leave.** (Emphasis supplied)

PageID.364. The district court otherwise rejected Plaintiff's interpretation that there is FMLA retaliation protection with respect to a discharge for her intending to take an FMLA leave. *Id.* at PageID.364-366.

The district court concluded Plaintiff was required to show her son had a "serious health condition" for which symptoms such as the common cold, flu, upset stomach, failed to so qualify, and there was no allegation of continuing treatment by a health care provider, such that there were no allegation from which the district court could even infer Plaintiff's son plausibly suffered from a "serious health condition" in March 2020. PageID.367-369. Importantly, for purposes of appeal the district court correctly noted:

> "Tellingly, Plaintiff's response brief failed to address whether her son suffered from a "serious health condition" as defined by the FMLA. § 2611(11); *see* ECF 27, Pg ID 272-79."

(R.E. 38, Opinion and Order, n 4, PageID.368).

## SUMMARY OF THE ARGUMENTS

Plaintiff admits she is *not* claiming she has alleged an FMLA-qualifying condition, or her son actually had a serious health condition. (Plaintiff's Brief, p. 11). "The Sixth Circuit has expressly adopted the approach that an employee does not engage in activity protected by the FMLA where a serious health condition has not been demonstrated." *Glander v. NGK Spark Plugs, Inc.*, 2012 WL 5828620, at *7 (E.D. Mich. Oct. 25, 2012). As a result, Plaintiff's FMLA retaliation claims must be dismissed because she has failed to plausibly allege she availed herself of a protected right under the FMLA by seeking leave ***for an*** FMLA-qualifying condition; which is the first element to establish a *prima facie* case of FMLA retaliation. *See Gipson v. Vought Aircraft Indus., Inc.,* 387 F. App'x 548, 557 (6th Cir. 2010) ("Gipson's retaliation claim must fail because, as we have held, Gipson did not avail himself of a protected right under the FMLA by giving notice sufficient to apprise Vought he was suffering from an FMLA-qualifying condition.") (internal citation omitted); *Nawrocki v. United Methodist Ret. Cmty., Inc.,* 174 F. App'x 334, 339 (6th Cir. 2006) ("Thus, at the time of termination, Plaintiff had not raised a claim under the FMLA, and she fails the first prong of the retaliation test."); *Morris,* 320 F. App'x at 338 (Because "leave was not on account of a serious health condition, (plaintiff) cannot establish the first element [of a retaliation claim], that he engaged in an activity protected by the FMLA.").

Plaintiff fails to cite Sixth Circuit authority supporting the heretofore unheard-of proposition that an employee can maintain an FMLA retaliation claim without alleging [or suffering from] a FMLA-qualifying condition through a claimed "good faith" belief that a serious health condition may arise. Indeed, governing law in the very Circuit from which Plaintiff draws her support is to the contrary. Plaintiff also relies on inapposite case law outside this Circuit, most of which is district court authority, cases involving employees who sought leave for an ***existing*** serious health condition, confusing the need for present ***eligibility*** with the need for present ***entitlement***. Since Plaintiff did not allege an FMLA-qualifying condition in her FAC and has so conceded in the district court and now on appeal. Her FMLA retaliation claim was properly dismissed as a matter of law.

As an alternative basis to affirm, Plaintiff similarly did not plausibly assert she provided the requisite notice of her intent to take an FMLA leave. Simply advising Defendants of her son's symptoms, mild in nature and those normally associated with a cold, does not apprise defendants of a qualifying serious health condition (because none ever existed).

## STANDARD OF REVIEW

This Court reviews de novo the district court's order granting a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Winget v JP Morgan Chase Bank, N.A.*, 537 F.3d. 565, 572 (6th Cir. 2008). The Court construes a complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true, and examining whether the complaint contains "sufficient factual matter, excepted as true, to inside "state a claim to relief that is plausible on its face."" *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009) *Hensley Mfg. v. ProPried, Inc.*, 579 F.3d. 603, 209 (6th Cir. 2009), quoting *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* citing *Bell Atl. Corp. v Twombly,* 550 U.S. 544, 556 (2007). The non-moving party is entitled to have the court view the complaint in the light most favorable to that party, presuming as true all of the well-pled factual allegations, and drawing every reasonable inference in the non-moving party's favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d. 526, 430 (6th Cir. 2008). However, the court will not presume the truth of **legal** conclusions in the complaint, *Ashcroft v. Iqbal*, 556 U.S. at 678, and if "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.,* 553 F.3d. 1000, 1005 (6th Cir. 2009). When resolving a Rule 12(b)(6) motion, the court may

rely on exhibits attached to the complaint and exhibits provided with the motion to dismiss so long as they are referenced in the complaint and are central to the claims. *Bassett*, 528 F.3d. at 430.

Statutory interpretation is a question of law subject to de novo. *Wilson v Safelite Grp., Inc.,* 930 F.3d. 429, 433 (6th Cir. 2019). Issues of law regarding what is available under the FMLA are questions of law this Court reviews de novo. *See e.g.*, *Arban v West Pub. Corp.,* 345 F.3d. 390, 406 (6th Cir. 2003) (issue of whether front pay is available under the FMLA is a question of law the Court reviews de novo). Whether an employee suffers from a serious health condition under the FMLA is a question of law for the court. *Bond v. Abbott Labs,* 7 F. Supp. 2d. 967, 974 (N.D. Ohio 1998), *aff'd.*, 188 F.3d. 506 (6th Cir. 1999).

## ARGUMENT I

**THE DISTRICT COURT PROPERLY GRANTED DEFENDANTS' MOTION TO DISMISS WHEN PLAINTIFF FAILED TO ALLEGE AN EXISTING "SERIOUS HEALTH CONDITION" OF HER MINOR SON REQUIRED TO ESTABLISH A RETALIATION CLAIM UNDER THE FMLA, THE ABSENCE OF WHICH PLAINTIFF ADMITTED DURING MOTION PRACTICE AND NOW ADMITS ON APPEAL.**

### A.   Introduction-Summary.

The district court properly determined Plaintiff's FAC contained no allegations that would allow the court to infer Plaintiff's son plausibly suffered from a "serious health condition" in March 2020, thus justifying dismissal of Plaintiff's FMLA retaliation claim. (R.E. 38, PageID.368-369). Neither in the district court nor on appeal does Plaintiff contend her son suffered from a serious health condition at the time of her discharge. Nor has Plaintiff ever asserted her son received continuing treatment by a health care provider or was hospitalized in March 2020, the date of her discharge. Under the express terms of the FMLA and the interpretive C.F.Rs, Plaintiff failed to state an FMLA retaliation claim.

### B.   The Act.

29 U.S.C. § 2612(a)(1)(C) provides in pertinent part:

[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

*** 

(C) In order to care for…a son…of the employee, if such son…

*has* a serious health condition.

(Emphasis supplied). A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves" either "in patient care in a hospital, hospice, or residential medical facility" or "continuing treatment by a health care provider." 29 U.S.C. § 2611(11). "Ordinarily, unless complications arise, the common cold, the flu, earaches, upset stomach…are examples of conditions that do not meet the definition of a serious health condition and do not qualify for FMLA leave." 29 C.F.R. § 825.113(d). "In patient care" means "an overnight stay in a hospital, hospice, or residential medical care facility, including any period of incapacity as described in § 825.113(b), or any subsequent treatment in connection with such in patient care." 29 C.F.R. § 825.114. The term "incapacity" means "inability to work, attend school or to perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." 29 C.F.R. § 825.113(b).

"Eligible employee" is defined at 29 U.S.C. § 2611 as "an employee who has been employed with the same covered employer for at least 12 months, and who has accumulated at least 1,250 hours of service with [that] employer during the previous 12-month period." 29 U.S.C. § 2611(2)(b)(ii) and § 2611(2)(a) respectfully. See also 29 C.F.R. § 825.100. Such FMLA qualification relates primarily to a statutory timing requirement, may be required merely by the passage of time, and involves the status

that can be objectively verified by the employer. See generally 29 C.F.R. § 825.300(b). "Eligibility" is to be distinguished from "entitlement," which involves the question of whether an otherwise eligible employee has circumstances that qualify for FMLA leave, which include a serious health condition that makes the employee unable to perform his or her job, or the need to care for the employee's spouse, child, or parent with a serious health condition. See *e.g., Branham v. Gannett Satellite Information Network, Inc.,* 619 F.3d. 563, 568 (6th Cir. 2010) (explaining that FMLA requires both an eligible employee and an employee who has a serious health condition, the latter being the entitlement or triggering event).

### C.    FMLA Private Right of Action

The FMLA provides a private right of action to employees to protect their rights to such leave as they may be entitled under two different theories, the "interference" or the "entitlement" theory under which employers may not "interfere with, restrain, or deny the exercise of or attempt the to exercise" FMLA rights, 29 U.S.C. § 2615(a)(1); and the only theory at issue on appeal, the "retaliation" or "discrimination" theory, under which employers may not "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a)(2). See generally *Branham,* 619 F.3d. at 568; *Hoge v. Honda of Am. Mfg., Inc*., 684 F.3d. 238, 244 (6th Cir. 2004).

**D.    Argument.**

Under the Rule 12(b)(6) standard,  Plaintiff was required to plausibly plead four elements: (1) she was engaged in a statutorily protected activity; (2) Defendants knew she was exercising her FMLA rights; (3) she suffered an adverse employment action; and (4) there existed a causal connection between the protected FMLA activity and the adverse employment action. *Seeger v. Cincinnati Bell Tel. Co., LLC,* 681 F.3d. 274, 283 (6th Cir. 2012); *McMillian v. Potter,* 130 F. App'x. 793, 796 (6th Cir. 2005). This Court has held that to prevail on either an interference or, as here, a retaliation FMLA claim, the claimant must prove she was entitled to FMLA leave period. *Branham,* 619 F.3d. at 568; *Novak v. MetroHealth Med. Ctr.,* 503 F.3d. 572, 577-578 (6th Cir. 2007); *Edgar v. JAC Prods., Inc*., 443 F.3d. 501, 508 (6th Cir. 2006). Here, Plaintiff did not plausibly plead the first element; Plaintiff was entitled to an FMLA leave. This Court has held if a claimant cannot plead she sought leave "on account of [her son's] serious health condition," then she cannot establish "that [s]he engaged in an activity protected by the FMLA." *Morris,* 320 F. App'x at 338. Specifically, this Court has held "a threshold requirement under the FMLA" is whether the plaintiff requested an FMLA leave due to a "serious health condition." *Palmer v. Cacioppo*, 529 F. App'x. 491, 496 (6th Cir. 2011). As noted in *Branham*, 619 F. 3d. at 568:

> *Branham* cannot prevail on her interference or retaliation claims unless she sought leave for an FMLA-qualified reason, namely, that she had a

"serious health condition" that prevented her from doing her job. 29 U.S.C. § 2612(A)(1)(d).

This Court has consistently required facts plausibly stated to proceed on an FMLA retaliation claim. *Katoula v. Detroit Entertainment*, LLC, 557 F. App'x. 496, 499 (6th Cir. 2014) (at the motion to dismiss stage of the proceedings, a plaintiff who is not entitled to a FMLA leave could not plausibly state an FMLA retaliation claim against the employer); *Palmer*, 429 F. App'x. at 496; *Morris*, 320 F. App'x. at 338; *Nawrocki v. United Methodist Ret. Cmty's, Inc.,* 174 F. App'x. 334, 339 (6th Cir. 2006). The district court determined properly - and Plaintiff does not contend otherwise on appeal - that she failed to plead facts that would plausibly demonstrate an existing serious health condition at the time she asserted her entitlement to an FMLA leave.

Plaintiff alleged no facts which plausibly would establish a serious health condition at the time she supposedly requested an FMLA leave. Given whether an employee suffers from a serious health condition under the FMLA is a question of law for the court, *Bond v. Abbott Labs,* 7 F. Supp. 2d. 967, 974 (N.D. Ohio 1998), *aff'd*., 188 F.3d. 506 (6th Cir. 1999) and Plaintiff's failure to assert her son suffered from an injury involving continuing treatment by a healthcare provider, or for that matter any in patient care or treatment whatsoever of Plaintiff's son at the time of the alleged requested FMLA leave claim, the district court properly granted Defendants' Motion to Dismiss.

Plaintiff relies upon *McArdle v. Town of Dracut/Dracut Public Sch.*, 732 F.3d 29 (1st Cir. 2013) that "firing an employee for asking [for leave] would also frustrate the aim of the act even if the inquiring employee turns out to be ***ineligible***."(R.E. 27, PageID.274.) (Emphasis added).[7] But here, "eligibility" is ***not*** referring to the requirement that to avail oneself of a protected right under the FMLA (by seeking leave for an FMLA-qualifying condition). One must suffer from a qualifying condition, namely ***entitlement***. 29 U.S.C.A. § 2611 states:

> The term "eligible employee" means an employee who has been employed-- (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

This issue was only relevant in *McArdle* because eligibility was an issue in that case – unlike here. *McArdle*, 732 F.3d at 34 (plaintiff "failed to present sufficient evidence to create a genuine issue of fact as to the number of hours [he] actually worked during the twelve-month period preceding [his] request for leave." Defendants have

---

[7] In the district court, Plaintiff cited *Hampton v. Nat'l Am. Red Cross* involving a plaintiff who sought medical leave because her "grandchild had a serious medical condition requiring special medical treatment." 3 F. Supp. 3d 612, 614 (W.D. Ky. 2014). *Rush v. E.I. DuPont DeNemours and Co.* involved a plaintiff who had "received intermittent FMLA leave," and therefore alleged an FMLA-qualifying reason. 911 F.Supp.2d 545, 554 (S.D. Ohio 2012). In the district court and now on appeal, Plaintiff relied on *Skrjanc v. Great Lakes Power Serv. Co.,* in which the court held Skrjanc's foot injury was a "'serious health condition.'" 272 F.3d 309, 314 (6th Cir. 2001). *McArdle v. Town of Dracut/Dracut Public Sch*. involved a plaintiff who suffered from a serious health condition of depression and anxiety. 732 F.3d 29 (1st Cir. 2013).

never argued that Plaintiff was ***ineligible*** as defined by the Act. Rather, Defendants

argued that Plaintiff failed to allege that she availed herself of a protected right under

the FMLA by giving sufficient notice of an FMLA-qualifying condition, namely she

lacked ***entitlement*** to FMLA protection.

## ARGUMENT II

**THIS COURT SHOULD NOT RULE AS A MATTER OF FIRST IMPRESSION THAT A PLAINTIFF PURSUING AN FMLA RETALIATION CLAIM IS ENTITLED TO A PRESENT FMLA LEAVE WITHOUT A PRESENT ENTITLEMENT TO SUCH A LEAVE BUT INSTEAD PREMISED UPON THE ALLEGED "GOOD FAITH" BELIEF OF THE PLAINTIFF THAT THERE MIGHT BE A "SERIOUS HEALTH CONDITION" IN THE FUTURE.**

### A.    Introduction-Summary.

Plaintiff contends that she plausibly stated a cause of action when asserting an FMLA retaliation claim because: (1) "[r]equesting or inquiring about FMLA is protected activity under the FMLA's anti-retaliation provision," Plaintiff's Brief, pp. 19-26; and (2) "[a]nalogous anti-retaliation provisions allow plaintiffs to maintain a good-faith retaliation claim even when they do not qualify for substantive relief." *Id.* at 29-32. Based on these arguments, Plaintiff contends that "[w]hether Plaintiff's child suffered a 'serious health condition' is not relevant to this analysis" and the "application of cases dealing with employees who took FMLA leave and then allege retaliation is inapt." Plaintiff's Brief, p. 11.

Unpacking these statements reveals the following. *First*, Plaintiff does not contest the district court's finding that, at the time she allegedly requested FMLA leave, or as she asserts for the first time on appeal that at the time she was "inquiring" about the same, her son lacked the requisite "serious health condition." This alone is

fatal to Plaintiff's position on appeal. See Argument I. _Second_, Plaintiff finds it necessary to resort to non-FMLA law to justify her position, without regard (indeed without even citing to) the material statutory language and code provisions defining the FMLA. _Third_, when citing case law supposedly invoking a "good faith" belief as sufficient to entitle one to an FMLA leave, Plaintiff fails to demonstrate how her FAC asserts any facts in support of such good faith. Notably, the term "good faith" appears nowhere in the FAC. _Fourth_, Plaintiff's position is unmoored from any provision of the FMLA absent factual allegation that equate with a "serious health condition" as a basis for the claimed discrimination by way of retaliation.

### B.    Argument.

#### 1.    A *present* serious health condition is required to be plausibly pled when it is the entitlement trigger under the FMLA.

Relying on the misperception of the lack of precedent in this Circuit, Plaintiff asserts that "[r]equesting an inquiry about FMLA leave is protected activity under the FMLA's anti-retaliation provisions." Plaintiff's Brief, p. 19. The posing of the question does not fit the facts of Plaintiff's FAC. Properly stated (and without conceding the correctness of the question), the issue is:

> Is there FMLA protection for a leave immediately requested when there is no present serious health condition at the time of the request?

To be clear, this is not a case in which an employee makes a request for an FMLA leave **in the future** to be triggered by a future triggering event. Nor is this a case

where there is a mistaken diagnosis of a condition which proves to be less than a serious health condition with the benefit of 20/20 vision. The cases relied upon by Plaintiff, discussed *infra,* fall into these categories, not the facts alleged here.

Plaintiff tries mightily to avoid case law from this and many Courts holding an existing serious health condition is required for an FMLA retaliation claim.[8] She claims that this Court's decision in *Branham* is not binding on the Court as precedent, notwithstanding the *Branham* Court's finding that "[t]o either her interference claim or her ***retaliation claim***, *Branham* must prove that she was entitled to FMLA leave." *Branham*, 619 F.3d. at 568 (emphasis applied). The entitlement to FMLA leave in *Branham* was dependent of whether plaintiff could demonstrate a "serious health condition" for both her interference ***and*** retaliation claims. Since the only entitlement to an FMLA leave in *Branham* was premised on the existence of a serious health condition, Plaintiff incorrectly discards its worth by way of both precedent and *stare decisis*. Plaintiff fails to explain the unpublished cases of this

---

[8] Interestingly, while claiming no need for an existing serious health condition, Plaintiff does not contest the proposition she must plausibly plead all four elements of retaliation, the first of which that she was engaged in a statutorily protected activity.

Court and of district courts within the Circuit when arguing the path is clear to reset the law.[9]

Plaintiff claims requesting a ***pre-entitlement*** FMLA leave to be taken at the ***present*** time, without a serious health condition, based on the if-come that a serious health condition ***may*** occur in the ***future,*** constitutes protected activity which in turn supports her FMLA retaliation claim. This is faulty. Courts have held the FMLA and its implementing regulations defining "serious health condition" are not concerned with the potential dangers of an illness but only with the present state of that illness. *Seidle v. Provident Mut. Life Ins. Co*., 871 F. Supp. 238, 246 (E.D. PA., 1994). In *Seidle*, the court specifically entertained the question of whether a potentially "serious health condition" could fall within the purview of the FMLA. Courts in this Circuit have agreed with the *Seidle* approach, finding the condition must be taken

---

[9] *Gipson v. Vought Aircraft Indus., Inc.,* 387 F. App'x 548, 557 (6th Cir. 2010); *Nawrocki v. United Methodist Ret. Cmty., Inc.,* 174 F. App'x 334, 339 (6th Cir. 2006) ("Thus, at the time of termination, Plaintiff had not raised a claim under the FMLA, and she fails the first prong of the retaliation test."); *Morris v. Family Dollar Stores of Ohio, Inc.,* 320 F. App'x 330, 338 (6th Cir. 2009) (Because "leave was not on account of a serious health condition, (plaintiff) cannot establish the first element [of a retaliation claim], that he engaged in an activity protected by the FMLA."). *Glander v. NGK Spark Plugs, Inc.*, 2012 WL 5828620, at *7 (E.D. Mich. Oct. 25, 2012) ("Gipson's retaliation claim must fail because, as we have held, Gipson did not avail himself of a protected right under the FMLA by giving notice sufficient to apprise Vought that he was suffering from an FMLA-qualifying condition.") (internal citation omitted)

for what it was during the relevant time period, and not for what it could have conceivably become. *See e.g., Bauer v. Dayton-Walther Corp*., 910 F. Supp. 306, 311 (E.D. KY, 1996), *aff'd sub. nom*. *Bauer v. Varity Dayton-Walther Corp*., 118 F.3d. 1109 (6th Cir. 1997).

In *Hurley v. Kent of Naples, Inc*., 746 F.2d. 1161 (11th Cir. 2014), the Court rejected an FMLA retaliation claim premised upon a requested leave because the employee "just never knew when [he] was going to have an episode or when the panic attacks would come." *Id.* at 1163. The case was submitted to the jury which found the claimant suffered a serious health condition of depression and anxiety which produced panic attacks. The district court denied the defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), based on the argument the employee's leave request did not qualify for protection under the FMLA. *Id.* at 1165. The Eleventh Circuit reversed, rejecting plaintiff's argument that he was required to only show he "potentially qualified" for FMLA leave. *Id.* The Court found "unconvincing Hurley's argument that he only needed to provide notice of a ***potentially qualifying*** leave" and that giving notice of an unqualified leave would not trigger the FMLA's protection because "[o]therwise, the FMLA would apply to every leave request." *Id.* at 1167 (emphasis supplied). Citing 29 C.F.R. § 825.115(c), the *Hurley* court reasoned "the FMLA does not extend its potent protection to any leave that is medically beneficial leave simply because the employee has a chronic

health condition." *Id.* at 1168. Next, the *Hurley* court found insufficient the proofs because the plaintiff never asserted or explained how ***planned*** treatments alone made his leave request FMLA qualifying. *Id.* at 1168. The *Hurley* court found "unconvincing" the plaintiff's public policy arguments, finding the FMLA statute clear and reasoning the court's "task is to accurately apply that statute to the case at bar, not to distort the meaning of the statute to comport with our ideas of sound public policy." *Id.* at 1168-1169.

*Hurley* destroys Plaintiff's position on all fronts. It makes clear a potential and future serious health condition is insufficient for FMLA protection. It rejects that position in the context of an FMLA retaliation claim. It finds a lack of proof on a future serious health condition is fatal to the argument. *Hurley* also found public policy arguments for a retaliation claim based on prospect of a future health condition do not upset the clear and unequivocal language of the FMLA, which in Defendants' view makes no accommodation whatsoever for a qualifying FMLA event base on a future serious health condition that somehow justifies a present FMLA leave.[10]

---

[10] This is not a situation of a foreseeable leave based on an expected birth or placement of a child, for which there is a requirement of advanced notice for an FMLA leave ***at the time of the entitlement*** (to be distinguished from ***the time of eligibility***). See generally 29 U.S.C. § 2612(e)(1). In such a situation, the employee is not speculating upon a future serious health condition triggering a present FMLA leave entitlement.

Plaintiff cites *Potts v. Franklin Elec. Co*., No. CIV 05-443-JHP, 2006 W.L. 2474964 (E.D. OK. 2006), in which an employee was terminated when he gave notice of an anticipated/expected FMLA leave based on a dentist's belief the employee presently had a serious health condition-cancer of the mouth. Plaintiff Potts informed his employer "he anticipated needing FMLA leave for a biopsy and cancer treatment." *Id.* at *1. He was nonetheless discharged, with the defendant arguing that plaintiff was not eligible for FMLA leave because he was not ultimately diagnosed with cancer. *Id.* at *2. The *Potts* court held that the FMLA implementing regulations made clear that "one need not even meet the initial eligibility requirements in order to suffer retaliation under the FMLA:"

> Therefore, where the employee, ***before he becomes eligible for FMLA leave*** is putting the employer on notice of his or her intent to take FMLA leave after they become eligible for FMLA coverage, logic requires the FMLA be read to require that the employee be permitted to make a charge against the employer for an adverse-employment action.

*Id.* at *3. (Emphasis supplied).  As previously explained in Argument I, here, there is no question of eligibility but rather entitlement. Unlike this case, there was not a situation in which an employee that he had a serious health condition - in *Potts,* cancer - such that he gave his employer notice of "his anticipated need for FMLA leave." *Id.* at *4. No, here Plaintiff claims retaliation for the failure of Defendants to provide FMLA when a serious health condition did not exist and where Plaintiff was not requesting FMLA in the future in the event that a serious health condition would

materialize.[11] Plaintiff misinterprets eligibility for entitlement. She implies present eligibility for FMLA protection substitutes for an existing - or even the prospect of a future - entitlement. No law is cited for this novel proposition.

Plaintiff cites *Williams v Crown Liquors of Broward, Inc*., 878 F.Supp.2d. 1307 (S.D. FL. 2012), in which the court was faced with an employee, pregnant at the time, requesting an extended leave "past her due date". 878 F.Supp.2d. at 1312. Again, in this case, Plaintiff's son was not in a state that logically and legally was anticipatory to a serious health condition for which she requested immediate FMLA leave premised upon a future triggering event - birth in *Williams* – for an acknowledged serious health condition for which there is an obligation to provide notice because there is a foreseeable leave for the expected birth or placement. 29 U.S.C. § 2612(e)(1). Finally, even if factually applicable, *Williams* does not survive the subsequent *Hurley* decision by the 11th Circuit.

## 2.      The text of the FMLA and interpretive case law are not defined by Title VII.

On the second point, Plaintiff invokes elements of burden-shifting found in the ADA, encouraging this Court to set precedent and apply such tools to an FMLA claim. Specifically, Plaintiff invokes the *McDonnell Douglas*[12] burden-shifting

---

[11] Defendants do not contend that even in that situation, Plaintiff would be entitled to FMLA leave.

[12] *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973).

framework in hopes of establishing a *prima facie* case of retaliation under the FMLA but fails to realize such burden-shifting is never reached and is thus irrelevant, when, in the first place, Plaintiff has not met the first element of an FMLA retaliation claim, namely, to pled facts which plausibly demonstrate she was engaged in an FMLA statutorily protected activity. Even when analyzing Title XII discrimination claims under *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case of discrimination before the court then shifts the burden to the employer to articulate a legitimate, nondiscriminatory reason for its actions. See *e.g., Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143 (2000). So too, under the FMLA the plaintiff must first establish the necessary entitlement before reaching the other elements of a retaliation claim, which she has failed to do so, and therefore cannot establish the analogy sought to be achieved. *A fortiori,* the Court need go no farther than this threshold point to reject the argument.

There is a material difference between the FMLA and the ADA, with each having divergent aims, each operating in a different way, and each offering disparate relief. *Chandler v. Specialty Tires of Am., Inc.,* 283 F.3d. 818, 825 (6th Cir. 2002), citing *Navarro v. Pfizer Corp*., 261 F.3d. 90, 101 (1st Cir. 2001). Whereas the ADA is concerned with the finding of disability required to trigger the statutory protections, the courts have found an impairment must have an extended duration before it will be so limiting as to constitute a disability. In contrast, the concept of

disability as relevant under the FMLA is in the rare instance in which an employee seeks FMLA leave to care for a seriously ill child over the age of 18, with the FMLA implicating shorter timeframes, by which an employee may qualify for FMLA to care for a child under 18 merely by showing the child suffers from a serious health condition which, as defined, can be an illness that lasts as little as four days. See 29 U.S.C. § 2612(a)(1)(C); 29 C.F.R. § 1825.114(a)(2)(i).

In the very ADA statutory framework invoked by Plaintiff, the courts defined "disability" with a "steady focus on the *present* state of the individual's impairment." *Navarro*, 261 F.3d. at 100; *Sutton v. United Airlines, Inc*., 527 U.S. 471, 482 (1999). As explained in *Navarro*,

> The *Sutton* Court observed that "[b]ecause the phrase [substantially limits] appears in the Act in the present indicative verb form, we think that language is properly read as requiring that a person be presently - not potentially or hypothetically - substantially limited in order to demonstrate a disability." This keen attention to the statute's verb tense is persuasive evidence that an individual's present, actual state (rather than a hypothetical, projected state) is paramount in determining whether he or she suffers from a disability.

*Navarro,* 261 F.3d. at 100-101 (citation omitted).

Plaintiff's resort to Title VII's retaliation provision is telling. It signals a complete retreat from and thus surrender to the FMLA statutory language. Absent an entitlement to leave as defined in 28 U.S.C. § 2612(a)(1) - the only arguable entitlement being the care of Plaintiff's son "has" for "a serious health condition," subsection (C) - Plaintiff's argument and her FAC falls completely outside the

parameters of the FMLA. Plaintiff cites to no provision of the FMLA supporting a reference to Title VII's retaliation provision. In all cases of statutory construction, the starting point is the language employed by Congress. *Appleton v. First Nat'l Bank of Ohio*, 62 F. 3d 791, 801 (6th Cir. 1995). Where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.' " *Caminetti v. United States*, 242 U.S. 470, 485 (1917), quoted in *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241 (1989).

Nor is Plaintiff's position supported by the Code of Federal Regulation provisions,[13] and in fact is directly contrary to such provisions. Since a retaliation claim requires employer action for opposing "any practice made unlawful by this subchapter," 29 U.S.C. § 2615(a)(2), and Plaintiff has not alleged in the FAC any practice made unlawful by the FMLA, her position fails, and her retaliation claim does not plausibly set forth facts upon relief could be granted.

---

[13] The FMLA gives the Secretary of Labor notice and comment rule-making authority and has directed the Secretary to issue regulations "necessary to carry out" the Act. 29 U.S.C. § 2654; *Ragsdale v. Wolverine WorldWide, Inc.*, 535 U.S. 81, 86 (2002). A government agency's regulations that have been published in the Code of Federal Regulations "have the force and effect of law…" *Nationwide Bldg. Maint., Inc. v. Reich*, 14 F.3d. 1102, 1105 (6th Cir. 1994).

### 3.     There is no "good faith" provision found in the FMLA nor justified by relevant case law.

On appeal, Plaintiff argues she had a good faith belief of entitlement which in turn obviates a need for a present entitlement to an FMLA leave, and more precisely a present serious health condition. Yet, there is no "good faith belief" provision found in the Act, and for this reason the argument fails. Nor, if recognized, does Plaintiff's FAC plausibly support such a good faith belief. Notably, the phrase "good faith" appears nowhere in the FAC.

Plaintiff cites *Johnson v. Kmart,* 596 F.Supp.2d. 1045 (E.D. Mich. 2009), which an employee was told his six-year-old son had been hurt in an incident with a dog, his eye had been cut by the dog, the eye was bleeding, at which time the employee called the store and notified the assistant manager the employee had to drive his son to the emergency room, and the employee accordingly would not be able to make his employment shift. *Id.* at 1047-1048. The employee took his son to an ambulatory center, was then referred to the emergency room of a local hospital, at which time his son was diagnosed with a subconjunctival hemorrhage which appeared to denote a ruptured globe of the medial portion of the eye. The son was referred to an ophthalmologist at another hospital because a possible ruptured globe, with an ophthalmologist ultimately concluding the son did not have a ruptured globe. *Id.* at 1048. Notably, the ophthalmologist gave the son an eye patch and told the employee to keep the eye patch the son for 24 hours and the son was told to return

for a follow up appointment and specifically advised his parents to call sooner if the son showed a decrease in visual acuity or an increase in pain or any spots, currents, or flashes. The district court determined the examinations to evaluate the son's eye and possible ruptured globe fell within the meaning of "treatment" for a serious health condition. *Id.* at 1054. Then, the district court took a leap in Sixth Circuit authority and determined the leave sought by the employee was for a serious health condition at the time the employee sought treatment. *Id.*

None of the circumstances and conditions found in *Johnson* is plausibly alleged in Plaintiff's FAC. There is not even a claim Plaintiff's son's previous bout with RSV was continuing at the time Plaintiff ostensibly asked for an FMLA leave. Interestingly, the district court judge in *Johnson*, the Honorable Stephen J. Murphy III, is the very Judge who in this case determined Plaintiff's FAC did not plausibly state a claim of FMLA retaliation. It is likely Judge Murphy understood that since 2009, this Court has not accepted any good faith exception or misdiagnosis exception to the present need to show a serious health condition as a qualifying event under FMLA.

Plaintiff's citation to *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d. 1269 (11th Cir. 2012) is likewise infirm. Pereda involved a plaintiff employee advising her employer she was pregnant and would be FMLA leave in the future. *Pereda,* 666 F.3d. at 1271. At the time she gave such notification, she was not yet

*eligible* (to be distinguished from ***entitled***) to be engaged in a statutorily protected activity, as required to bring a retaliation claim. The district court so agreed. The Eleventh Circuit reversed, holding a ***pre-eligible*** employee has a cause of action if an employer terminates her to avoid accommodating that employee with rightful FMLA leave claim once that employee became eligible. *Id.* at 1275. In *Pereda*, as in *Williams,* the employees did not qualify for leave at the time they made their request, but it was undisputed the FMLA time off requested related to a condition for which they would have qualified in the future when a triggering entitlement event actually occurred. See *Pereda*, 666 F.3d. at 1272. See also, *Williams*, 878 F.Supp.2d. at 1310. Moreover, *Pereda* involved a situation specifically defined for FMLA protection, namely a pregnancy and leave time for the ensuing birth. In any event, *Pereda* and its holding was subsequently foreclosed by *Hurley*, clarifying an employee must actually have a qualifying condition to assert an interference or retaliation claim. See generally, *Johnson v. Baptist Health South Florida, Inc.,* 2017 W.L. 2988275 (S.D. Fl. 2017), at \*9 (discussing how *Hurley* forecloses the *Pereda* argument) and at \*10 (quoting *Hurley* that notice of unqualified leave does not trigger the FMLA's protection.) "Thus, *Hurley* makes clear that Jones's requested leave for Joell's surgery was not statutorily protected activity merely because Jones believed it was potentially FMLA-qualifying at the time." *Id.* at \*10.

Plaintiff's relies on *Johnson v. Dollar General*, 880 F. Supp. 2d. 967 (N.D. Iowa 2012) in which an employee who had seen a physician due to chest pains - a precursor to a serious health condition - was told to stay at home and who had five months earlier suffered a heart attack, for which he had been hospitalized for approximately one week and for which he was not cleared for work by his medical providers for six weeks. 880 F.Supp.2d. at 971-972. The plaintiff resigned and later claimed his resignation was both a constructive discharge and resulted from the failure of his employer to grant an FMLA leave. *Id.* at 974-975. The *Johnson* court found the plaintiff's failure to demonstrate he actually suffered from a serious health condition that caused him to miss work required summary judgment of his FMLA interference claim. *Id.* at 987. Confusing eligibility with entitlement, *Id.* at 993, the *Johnson* court found the employee had given notice for time off needed for a serious health condition because he indicated he had had "an in-person treatment by a health care provider and would be incapacitated for more than three days because of symptoms consistent with a heart attack or coronary artery disease." *Id.* at 995-996. Here, no such entitlement is pled by Plaintiff.

The district court judge in *Johnson* then "postulated" an employee must "also have a good faith belief that he was seeking leave covered by the FMLA to engage in 'protected activity.'" *Id.* at 996. The court found that this additional requirement of "good faith" was not met when there was an absence of in-person treatment with

a health care provider for the condition that caused his absence, and accordingly the employee could not demonstrate he had good faith belief that he was actually suffering symptoms related to his coronary artery disease at the time the leave was requested. *Id.*[14] Thus, the *Johnson* court found the defendants were entitled to summary disposition on the plaintiff's FMLA retaliation claim.

The facts alleged in Plaintiff's FAC do not remotely approach those discussed in *Johnson*. First, here there is no allegation of the need for a future FMLA leave. Next, Plaintiff's son had not actually been treated for what constitutes a serious health condition, either in the past or at the time of the requested FMLA leave. And, as in *Johnson*, assuming *arguendo* a "good faith" requirement is valid, there is no showing Plaintiff's son here had actual in-person treatment by a health care provider, he was suffering or complaining from a "serious health condition," and a health care provider had advised Plaintiff her son should be treated at the time she requested FMLA leave protection.

Plaintiff cites *Johnson* for another proposition - a retaliation claim does not require proof the plaintiff actually suffered a serious health condition but only that

---

[14] In *Johnson*, the court found not only the lack of any in-person treatment by a health care provider, but noted the employee had not even complained he was suffering from chest pains when he spoke with doctor's medical assistant on the phone, and no health care provider had directed the plaintiff to take time off to rest as treatment for his chest pains or the symptoms he actually reported to the medical assistant. *Id.* at 996.

the Plaintiff gave adequate and timely notice to the employer that he or she needed leave for a condition that the Plaintiff believed in good faith might be covered by the FMLA. This statement in *Johnson* was made in the context of a previously existing serious health condition. As noted in *Hurley*, such a position would open the flood gates to FMLA protection and would unhinge the need for an FMLA leave from any qualifying condition.

### 4. Plaintiff's position is inconsistent with Congressional intent reflected in the FMLA and supporting Code Regulations.

Plaintiff claims the Congressional policy behind an FMLA retaliation claim is supported by the facts in the FAC, without regard to the existence of a serious health condition. Plaintiff says limiting FMLA anti-retaliation protection to those entitled to take an FMLA leave is inconsistent with the statute's purpose. Plaintiff apparently believes that a ***pre-entitlement*** request that never results in a triggering event is not precluded from protection, and forms the basis of an FMLA retaliation claim, even if the triggering event never occurs. This belief is generated by two concepts, where an entitlement is foreseeable (for example, a pregnancy) or where plaintiff contends there is a good faith belief of entitlement. Yet, neither of these situations is consistent with the express words of Congress in the Act. The entitlement to leave provision, 29 U.S.C. § 2612(a)(1)(c) ("if such…son…***has*** a serious health condition"), and the Congressional purpose provision previously

discussed, 29 U.S.C. § 2601(b)(2) (describing the entitlement for reasonable leave "for the care of a child…who *has* a serious health condition"), contemplate a ***present*** serious health condition, and more broadly a ***present*** entitlement. It is no answer that there is one entitlement based on foreseeability, namely pregnancy, for which there is a requirement of an advanced notice, because Congress specifically provided for this exception. 29 U.S.C. § 2612(e)(1). Plaintiff ignores the present tense used in the FMLA with respect to a serious health condition. Congress' use of the word "***has***" is present tense, not future tense, thus establishing that there must be a present entitlement to an FMLA leave, where it is actually requested. The role of the court is to simply apply the FMLA as written - even if plaintiff or even the court believes some other approach might accord with good policy. *Burrage v. United States*, 571 U.S. 204; 134 S.Ct. 881, 892 (2014).

Equally important, under the section entitled "Duties of Employee," Congress placed the obligation upon an employee to schedule treatment so as not to disrupt unduly the operations of the employer with respect to leave that is "foreseeable based on planned medical treatment." 29 U.S.C. § 2612(e)(2). Here, there is no allegation in Plaintiff's FAC of planned medical treatment, which contemplates the existence of a serious health condition and medical treatment in the future as so addressed.

Nor should the Court interpret a requirement to provide notice for a foreseeable leave based on planned medical treatment as the equivalent of a present

entitlement to that leave. The concept of advanced notice for a leave based on planned medical treatment, by its very nature, relates to an FMLA leave to be taken in the future, not at the present time when the notice is given.

The *Hurley* court's rejection of the claim that an employee need only provide notice of ***potentially*** qualifying leave is noteworthy on the question of Congressional intent. Such a position would destroy the express balance sought to be achieved by Congress in the FMLA. *Hurley* stated that "[g]iving an employer notice of unqualified leave does not trigger the FMLA's protection [because] [o]therwise, the FMLA would apply to every leave request." *Hurley*, 746 F.3d. at 1167. One of the enunciated purposes of the FMLA is to balance the legitimate interests of the employers and the employees, the latter interest stated specifically being the entitlement of "employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has ***a serious health condition***." 29 U.S.C. § 2601(b)(2); see also subsection (b)(3), describing Congress' purpose to balance this entitlement with the legitimate interests of employers. An open-ended right to take an immediate FMLA leave before there has been a serious health condition, and more broadly before there is any entitlement, based on the notion that there could or potentially would be a serious health condition, skews this balance for the reasons stated in *Hurley:* The FMLA would apply to every leave request, untethered to a serious health condition.

**ARGUMENT III**

**THIS COURT SHOULD AFFIRM ON THE ALTERNATIVE BASIS RAISED BY DEFENDANTS AT THE DISTRICT COURT LEVEL THAT PLAINTIFF FAILED TO PLAUSIBLY STATE THAT SHE PROVIDED THE REQUISITE NOTICE OF FMLA LEAVE TO PROCEED WITH A *PRIMA FACIE* CASE.**

This Court can affirm the decision of district court on any grounds supported by the record, even if different than those relied on by the district court. *Brown v. Tidwell,* 169 F.3d. 330, 332 (6th Cir. 1999). A claimant is required to provide notice of an FMLA leave, including a specific request for such leave. The notice must impart to the employer information sufficient to reasonably apprise the employer of the employees request to take time off for a serious health condition. Such notice was not given in this case, as Defendants so argued in their Motion to Dismiss. (R.E. 23, Motion to Dismiss, PageID.153-154; R.E. 32, Reply Brief, PageID.330-334.)

An employer has no obligation to provide FMLA leave unless the employee provides notice of a qualifying reason and requests medical leave. *See Brohm v. JH Properties, Inc.,* 149 F.3d 517, 523 (6th Cir. 1998) ("[N]othing in the statute places a duty on an employer to affirmatively grant leave without such a request or notice by the employee. Rather, to invoke the protection of the FMLA, an employee must provide notice *and* a qualifying reason for requesting the leave.") (internal citations omitted)); *see also Anderson v. McIntosh Const., LLC*, 597 F. App'x 313, 315 (6th Cir. 2015). While an employee need not explicitly reference the FMLA, "an

employee must request leave and provide enough information for her employer to know that the FMLA applies to the request." *Anderson*, 597 F. App'x at 314; *Gipson,* 387 F. App'x at 555; *Brohm*, 149 F.3d at 523 ("the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.") (internal quotation marks and citation omitted)).

Plaintiff failed to plausibly allege that she requested leave under the FMLA because she did not request such leave. In the district court, Plaintiff argued only that she alleged sufficient notice by her request to take an "unpaid time away from the office" and that her "child (was) showing the beginnings of some *mild* symptoms (she) would normally associate with a *cold*."  (R.E. 14, FAC, PageID96, ¶ 59-60). The common cold, flu, and upset stomach are *specifically excluded* from the FMLA. *See* 29 C.F.R. 825.113(d).

Plaintiff failed to allege that she provided notice to apprise Defendants of a qualifying serious health condition because none ever existed. *Walton v. Ford Motor Co.*, 424 F.3d 481, 486 (6th Cir. 2005) ("The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition."); *Aubuchon v. Knauf Fiberglass GmbH*, 359 F.3d 950, 952 (7th Cir. 2004) ("If you have brain

cancer but just tell your employer that you have a headache, you have not given the notice that the Act requires.").[15]

In *Anderson*, this Court held that plaintiff's request to work remotely is not a request for leave under the FMLA. 597 F. App'x at 314. There, the plaintiff requested to work from home to cope with stress caused by a coworker. Finding that plaintiff's request did not provide sufficient notice to the employer that she sought to utilize FMLA, the Court reasoned that "*[W]orking from home is still working; so that request was not a request for leave under the FMLA*." *Id.* (emphasis added). Similarly, here, Plaintiff ***never*** requested FMLA-qualifying medical leave, but instead, requested to work remotely. Because Plaintiff never requested FMLA-qualifying medical leave, Defendants were not required to provide such a leave.[16]

---

[15] Plaintiff cited *Williams v. Schuller Intern. Inc.*, 29 F.App'x. 306, 309 (6th Cir. 2002), and claims the "issue of adequate notice under the FMLA is primarily a question of fact." (ECF No. 27, PageID.276.) However, the referenced factual question in *Williams* was concerning whether the *Williams* defendant knew of an existing qualifying serious health condition; *not* whether a qualifying serious health condition exists. "Determining whether an illness qualifies as a serious health condition is a legal question that a plaintiff may not avoid simply by alleging it to be so." *Bond v. Abbott Lab.*, 7 F. Supp. 2d 967, 974 (N.D. Ohio 1998) (internal citation omitted).

[16] Plaintiff's First Amended Complaint admits she never requested an FMLA-qualifying leave but, instead, asked for "unpaid time away from the office." (R.E. 14, FAC, ¶¶ 60-61). The reason given by Plaintiff was that her child was "showing the beginnings of some mild symptoms (Plaintiff) would normally associate with a cold." *Id.* These two assertions do not plausibly establish leave-qualifying notice satisfying the FMLA requirements.

Plaintiff has conceded she failed to allege she provided proper notice but asked the district court to suspend the FMLA notice requirement of an ***actual*** and ***present*** serious health condition because she sent an email concerning a non-qualifying condition in the beginning of a pandemic, and that Covid-19 was on her mind. (R.E. 27, PageID.276).[17] Even if Plaintiff was concerned about Covid-19, her speculative concerns do not transform "mild symptoms" that are "normally associated with a cold" into a qualifying "serious health condition. The FMLA does not support "the proposition that the potentiality of a serious health condition can transform what is actually a minor illness into a 'serious health condition' within the meaning of the Act." *Roberts v. Human Dev. Ass'n*, 4 F. Supp. 2d 154, 161–62 (E.D. N.Y. 1998); (R.E. 23, PageID.149-150.)  In *Hurley,* the Eleventh Circuit addressed this issue, and held:

> First, we find unconvincing [plaintiff's] argument that he only needed to provide notice of potentially qualifying leave. . . . [N]otice is only relevant to an FMLA claim ***if the noticed leave is protected by the FMLA. Giving an employer notice of unqualified leave does not trigger the FMLA's protection.*** Otherwise, the FMLA would apply to every leave request . . . ***Nothing in the statute speaks of "potential rights."*** . . .  [A]n employee must actually qualify for FMLA leave in addition to providing appropriate notice to assert a valid interference or retaliation claim.

---

[17] Tellingly, Plaintiff never alleged her son received inpatient care or continued treatment for the referenced non-qualifying condition (*See* R.E. 14, FAC generally), as she so admitted in her state-court deposition.

746 F.3d at 116 (emphasis added).

On appeal, Plaintiff referenced a portion of the notice provided in *Bryant v. Delbar Prod., Inc.*, 18 F. Supp. 2d. 799 (M.D. Tenn. 1998), but failed to mention that the *Bryant* plaintiff provided defendant a doctor's note concerning her son's hospitalization, who "worked for [defendant] until he became ill" and "was hospitalized with advance kidney failure" that the court found to be a serious health condition. *Id.* at 801-06. In the district court, Plaintiff referenced a portion of the notice provided in *Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192 (S.D. Cal. 1998), but failed to mention the fact that the court found *Mora*'s son actually suffered from an existing serious health condition (AIDS). *Id.* at 1214.

Plaintiff admits she did not allege that her son suffered from an existing serious health condition, let alone that she provided adequate notice for same. Thus, her FMLA claims were properly dismissed as a matter of law. *Weiler v. Draper Chevrolet Co.,* 2012 WL 3758732, at *1 (E.D. Mich. Aug. 29, 2012) ("Because the FMLA only covers cases involving a 'serious health condition,' not all cases involving an illness, the complaint will be dismissed for not stating a claim on which relief can be granted."); *Avena v. Imperial Salon & Spa, Inc.,* 740 F. App'x 679 (11th Cir. 2018); *Milne v. Navigant Consulting*, 2010 WL 5556853 (S.D.N.Y) Oct. 27, 2010).

## CONCLUSION

Defendants-Appellees request this Court affirm the district court grant of Defendants' Motion to Dismiss and accompanying Judgment, issue any other relief this Court deems appropriate under the circumstances, and request the full recovery of costs and attorney fees so wrongfully sustained on appeal.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

/s/ Robert G. Kamenec
Robert G. Kamenec (P35283)
Geoffrey N. Fieger (P30441)
19390 West Ten Mile Road
Southfield, MI  48075
(248) 355-5555
r.kamenec@fiegerlaw.com
g.fieger@fiegerlaw.com

*Attorneys for Defendants-Appellees Fieger & Fieger, P.C., d/b/a Fieger, Fieger, Kenney & Harrington, P.C. and Geoffrey Fieger*

DATED: January 13, 2022

# CERTIFICATE OF COMPLIANCE

STATE OF MICHIGAN          )
                           ) ss.
COUNTY OF OAKLAND          )

     ROBERT G. KAMENEC, being first duly sworn, certifies and states the following:

     1.     He is an attorney with the firm Fieger, Fieger, Kenney & Harrington, P.C., and is in principal charge of the above-captioned cause for the purpose of preparing the attached Brief on Appeal;

     2.     The brief on appeal prepared by his office complies with the type-volume limitation;

     3.     Fieger, Fieger, Kenney & Harrington, P.C. relies on the word count of their word processing system used to prepare the brief, using Times New Roman size 14 font; and

     4.     The word processing system counts the number of words in the brief as 12,877.

                    s/Robert G. Kamenec
                    ROBERT G. KAMENEC

<u>Case No. 21-2685</u>
UNITED STATES COURT OF APPEALS
<u>FOR THE SIXTH CIRCUIT</u>

POLINA MILMAN

Plaintiff-Appellant,

v.

FIEGER & FIEGER, P.C., D/B/A FIEGER, FIEGER, KENNEY &
HARRINGTON, P.C., AND GEOFFREY FIEGER

Defendants-Appellees.
_____

On Appeal from the United States District Court
Eastern District of Michigan
Docket No. 20-cv-12154
The Honorable Stephen J. Murphy, III
_____

**CERTIFICATE OF SERVICE**

Holly Evenson, employee with the law firm of Fieger, Fieger, Kenney & Harrington,

P.C., hereby certifies that on January 13, 2022, she caused a copy of *corrected* Brief

on Appeal of Defendants-Appellees to be served upon all parties of record, and that

such service was made electronically upon each counsel of record so registered with

the United States Court of Appeals for the Sixth Circuit and via U.S. Mail to any

counsel, or *In Pro Per* parties not registered to receive electronic copies from the court,

by enclosing same in a sealed envelope with first class postage fully prepaid,

addressed to the above, and depositing said envelope and its contents in a receptacle

for the U.S. Mail.                                                    /s/ Holly Evenson

{01225242.DOCX}                     1

## DESIGNATION OF RECORD

| Record Entry No. | Date Entered | Description of Entry | PageID. Range |
|---|---|---|---|
| 14 | 10/8/2020 | First Amended Complaint | 59-60, 90, 96, 88-108 |
| 23 | 11/19/2020 | Motion to Dismiss | 147-152, 153-154,181 |
| 27 | 12/10/2020 | Plaintiff's Response to Defendants' Motion to Dismissal Plaintiff's First Amended Complaint and Request for Sanctions | 274, 276 |
| 32 | 12/23/2020 | Defendants' Reply Brief | 328, 330-334 |
| 38 | 6/4/2021 | Opinion and Order Granting In Part and Denying In Part Defendants' Motion to Dismiss | 279-279, 359, 363, 364-366, 368, 369 |
| 39 | 6/4/2021 | Judgment | |
| 40 | 7/2/2021 | Notice of Appeal | |
| 42 | 7/30/2021 | Transcript of Motion to Dismiss | 378 |