No: 21-2685

_____

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

POLINA MILMAN

Plaintiff-Appellant,

v.

FIEGER & FIEGER, P.C., D/B/A FIEGER, FIEGER, KENNEY
& HARRINGTON, P.C., and GEOFFREY FIEGER

Defendants-Appellees.

_____

On Appeal from the United States District Court
for the Eastern District of Michigan
Docket No. 20-cv-12154
The Honorable Stephen J. Murphy, III

_____

## APPELLANT'S REPLY BRIEF

Deborah L. Gordon
Elizabeth Marzotto Taylor
Sarah Gordon Thomas
Molly Savage
DEBORAH GORDON LAW
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com
*Attorneys for Plaintiff-Appellant*          Dated: February 10, 2022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

I.      Overview ................................................................................................................ 1

II.     This case involves an issue of first impression for this Court regarding whether an eligible employee engages in protected activity under the FMLA by requesting or inquiring about leave that she does not ultimately take ............... 1

III.    Defendants have failed to rebut Plaintiff's assertion that the purpose of the FMLA, the text of the Act and the FMLA implementing regulations, and analogous anti-retaliation provisions demonstrate that requests for or inquiries about FMLA leave are protected activity ............................................ 5

        a.    Defendants have failed to distinguish the well-reasoned opinions in *Potts*, *Williams*, and *Johnson* which hold that entitlement to take leave is not a required element of an FMLA retaliation claim ........................................ 6

        b.    Defendants have failed to demonstrate how limiting FMLA protected activity to actually taking leave from work is consistent with the statute's purpose ................................................................................................. 10

        c.    The text of the FMLA and the relevant DOL implementing regulations demonstrate that entitlement to take leave is not a requirement of a retaliation claim ...................................................................................................... 11

        d.    This Court should continue to interpret the FMLA's anti-retaliation provision in accordance with other provisions that utilize the same language in framework to find that entitlement to take leave is not a required element ....................................................................................................... 12

        e.    The "good faith" limiting principle adopted by other courts dispels Defendants' argument from *Hurley* that a slippery slope problem exist .. 13

IV.     Defendants confuse the elements of an FMLA interference claim with those of an FMLA retaliation in arguing that alternative basis for affirmance exist .... 15

V.      Conclusion ............................................................................................................ 19

# INDEX OF AUTHORITIES

## Cases

*Anderson v. McIntosh Const., LLC,*
　597 F.App'x. 313 (6th Cir. 2015) ...................................................15, 16, 17

*Aubuchon v. Knauf Fiberglass GmbH,*
　359 F.3d 950 (7th Cir. 2004)......................................................... 15

*Bauer v. Dayton-Walther Corp.,*
　910 F.Supp. 306 (E.D. Ky. 1996)................................................... 10

*Bell v. Prefix, Inc.,*
　321 Fed.App'x. 423 (6th Cir. 2014) ............................................. 11

*Branham v. Gannett Satellite Info. Network, Inc.,*
　619 F.3d 563 (6th Cir. 2010).................................................4, 5, 10

*Brohm v. JH Props., Inc.,*
　149 F.3d 517 (6th Cir. 1998)......................................................... 15

*Bryson v. Regis Corp.,*
　498 F.3d 561 (6th Cir. 2007)......................................................... 12

*Cash v. Smith,*
　231 F.3d 1301 (11th Cir. 2000)...................................................... 9

*Cavin v. Honda of Am. Mfg., Inc.,*
　346 F.3d 713 (6th Cir. 2003)......................................................... 15

*Crawford v. JP Morgan Chase & Co.,*
　531 F.App'x. 622 (6th Cir. 2013) ................................................. 11

*Edgar v. JAC Prods., Inc.,*
　443 F.3d 501 (6th Cir. 2006).....................................................5, 10

*Hurley v. Kent of Naples, Inc.,*
　746 F.3d 1161 (11th Cir. 2014).................................................8, 12

*Johnson v. Dollar General*,
    880 F.Supp.2d 967 (N.D. Iowa 2012) ....................................................7, 9, 10

*Johnson v. Kmart*,
    596 F.Supp.2d. 1045 (E.D. Mich.) ................................................................ 13

*Katoula v. Detroit Ent., LLC*,
    557 F.App'x. 496 (6th Cir. 2014) .................................................................... 6

*Morris v. Family Dollar Stores of Ohio, Inc.*,
    320 F.App'x. 330 (6th Cir. 2009) ..............................................................6, 10

*Nawrocki v. United Methodist Retirement Communities, Inc.*,
    174 F.App'x. 334 (6th Cir. 2006) ..............................................................6, 10

*Novak v. MetroHealth Med. Ctr.*,
    503 F.3d 572 (6th Cir. 2007) .......................................................................... 5

*Palmer v. Cacioppo*,
    429 F.App'x. 491 (6th Cir. 2011) .................................................................... 6

*Pereda v. Brookdale Senior Living Cmtys., Inc.*,
    666 F.3d 1269 (11th Cir. 2012) ..................................................................... 13

*Potts v. Franklin Elec. Co.*.
    2006 WL 2474964 (E.D. Okl. Aug. 24, 2006) ................................................ 7

*Seeger v. Cincinnati Bell Tel. Co., LLC*,
    681 F.3d 274 (6th Cir. 2012) ........................................................................ 14

*Seidle v. Provident Mut. Life Ins. Co.*,
    871 F.Supp. 238 (E.D. Pa. 1994) .................................................................. 10

*Walton v. Ford Motor Co.*,
    424 F.3d 481 (6th Cir. 2005) ........................................................................ 15

*Williams v. Crown Liquors of Broward, Inc.*
    878 F.Supp.2d 1307 (S.D. Fla. 2012) ............................................................. 7

**Statutes**
29 C.F.R. § 825.220 ........................................................................................... 11

29 U.S.C. § 2615 ........................................................................................... 11

42 U.S.C. § 12203 ......................................................................................... 13

42 U.S.C. § 2000e-3 ...................................................................................... 13

## I.   Overview

The question presented by this appeal is whether an eligible employee may be fired in retaliation for requesting to take or inquiring about FMLA leave which she never ultimately takes. This issue, and the scope of FMLA protected activity presents an issue of first impression for this Court. Plaintiff acknowledges that this case does not involve the typical alleged protected activity. In the typical case, a plaintiff alleges that she was retaliated against for taking leave from the office which was protected under the statute. The leave from the office is the typical event which triggers the retaliatory animus. In this case, however, the retaliatory animus which the FMLA seeks to curb was triggered by the mere inquiry into the availability of FMLA leave.

As set forth in Plaintiff's principal brief, the text of the statute, the DOL implementing regulations, the purpose of the statute, and guidance from other similar anti-retaliation provisions all demonstrate that the conduct alleged here constitutes FMLA protected activity. Defendants fail to rebut this assertion by clinging to caselaw which implicates only the proto-typical FMLA retaliation fact pattern.

## II.   This case involves an issue of first impression for this Court regarding whether an eligible employee engages in protected activity under the FMLA by requesting or inquiring about leave that she does not ultimately take

As discussed in detail in Plaintiff's principal brief, this Court has never had the opportunity to analyze whether an eligible employee's request for or inquiry about FMLA leave is protected activity where the plaintiff does not ultimately take leave from

work. Defendants have not pointed to a case in which this Court has analyzed the scope of FMLA protected activity or analyzed whether a request for or inquiry about FMLA leave falls within that scope.

The parties agree that the first element of an FMLA retaliation claim is to show that the plaintiff "was engaged in statutorily protected activity." *See* Dkt. 33 at p. 35. Under Defendants' argument, the <u>only</u> protected activity under the FMLA is actually taking leave from work for which the employee was entitled to take. Defendants argue that Plaintiff does not meet the protected activity element because she does not plead that she was entitled to FMLA leave. Defendants' argument is a *non sequitur*. There is no case which holds that the <u>only</u> protected activity under the FMLA is taking leave from work.

In support of their argument, Defendants merely restate the argument they made below, relying solely on cases in which (a) the alleged protected activity was the actual leave from work and (b) this Court did not analyze the scope of protected activity under the FMLA. Stated another way, none of the cases Defendants rely on involve the protected activity alleged here and in none of those cases does this Court propound on the scope of FMLA protected activity.

 Mirroring the district court's opinion, Defendants rely heavily on *Branham v. Gannett Satellite Info. Network, Inc.* in support of their argument that the district court did not err. *Branham* is this Court's only published opinion which states that in order to prevail on her retaliation claim, the plaintiff "must prove that she was entitled to FMLA

leave." 619 F.3d 563, 568 (6th Cir. 2010). However, Defendants failed to rebut Plaintiff's assertion that reliance on this single sentence from *Branham* is improper for two reasons: (1) because the relevant portion of *Branham* is dicta and (2) because the alleged protected activity in *Branham* was the plaintiff's actual taking of leave from work. For both reasons, *Branham* says nothing about the scope of FMLA protected activity and does not decide whether a request for or inquiry about FMLA leave is protected activity.

Defendants do not contest that the relevant portion of *Branham*, relied on by the district court, is dicta. Defendants request that this Court make the same error the district court made--converting the *Branham* dicta into a holding, even though the issue has not been analyzed by this Court. Two issues were before the court in *Branham*: (1) whether the plaintiff could prove a serious health condition with which to justify the leave from work she <u>actually took</u>; and (2) whether the defendant could terminate her based on the negative medical certification. As discussed in Plaintiff's principal brief, this Court ultimately held that the grant of summary judgment was improper because a fact question existed as to whether the plaintiff suffered from a serious health condition. *Id.* at 571. The Court's analysis centered around whether the facts alleged met the definition of a "serious health condition." This Court did not decide whether the scope of protected activity includes anything other than actually taking leave from work.[1]

---

[1] It is well-established that taking FMLA qualified leave is protected activity.

3

Nor do Defendants contest that the protected activity in *Branham* is distinguishable from the protected activity here. Indeed, the *Branham* dicta, and statements like it, are *only* found in the context of an employee alleges retaliation for underline(taking leave). In *Branham*, the plaintiff alleged she was retaliated against for taking leave which she argued she was entitled to under the FMLA. Here, Plaintiff did not take leave and later claim the leave was entitled to FMLA protection. Rather, Plaintiff asked if FMLA leave was an "option" and requested to take it if it was available to her. [RE 23-4 at PageID.181]. The plaintiff in *Branham* did not allege that she was terminated for requesting leave; she alleged she was terminated for being out of the office. *Branham*'s holding says nothing about whether the conduct alleged here falls within the scope of protected activity under the FMLA.

Likewise, in each of this Court's unpublished opinions, which Defendants cite in support of their argument, the plaintiff alleged that they engaged in protected activity by actually taking leave from work. *Edgar* is the sole case cited by the *Branham* court in support of its dicta which Defendants claim enunciates the entire scope of protected activity for an FMLA retaliation claim. *See Branham*, 619 F.3d at 568. However, *Edgar* involved an FMLA interference claim; not a retaliation claim. *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 514 (6th Cir. 2006). Two other cases cited by Defendants in support of their argument, *Novak* and *Palmer*, likewise involve only FMLA interference claims—not FMLA retaliation claims. *See Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577-78

n.2 (6th Cir. 2007) (noting that plaintiff does not raise her FMLA retaliation claim on appeal); *Palmer v. Cacioppo*, 429 F.App'x. 491, 496 (6th Cir. 2011).

Likewise distinguishable from the present matter, the plaintiffs in *Morris*, *Katoula*, and *Nawrocki* all alleged they engaged in protected activity by actually taking leave from work. *See Morris v. Family Dollar Stores of Ohio, Inc.*, 320 F.App'x. 330, 333 (6th Cir. 2009) (unpublished); *Katoula v. Detroit Ent., LLC*, 557 F.App'x. 496, 499 (6th Cir. 2014) (unpublished); *Nawrocki v. United Methodist Retirement Communities, Inc.*, 174 F.App'x. 334, 339 (6th Cir. 2006) (unpublished). The court, in none of these unpublished cases, analyzed the scope of protected activity under the FMLA. Specifically, the court did not analyze whether a request for or inquiry about FMLA leave constituted protected activity under the act. Defendants do not contest the survey of caselaw presented by Plaintiff in her principal brief. Because the issue presented in this case—whether a request for or inquiry about FMLA leave constitutes protected activity where the plaintiff did not actually take leave from work—is an issue of first impression, the Court should analyze the purpose of the FMLA, the text of the statute and implementing regulations, and analogous anti-retaliation provisions to answer the question.

III.  **Defendants have failed to rebut Plaintiff's assertion that the purpose of the FMLA, the text of the Act and the FMLA implementing regulations, and analogous anti-retaliation provisions demonstrate that requests for or inquiries about FMLA leave are protected activity**

Relying on the purpose of the FMLA, the text of the statute, the text of the DOL implementing regulations and analogous anti-retaliation provisions, Plaintiff argues that

the scope of protected activity under the FMLA encompasses good-faith requests for or inquiries about FMLA leave, regardless of the employee's entitlement to take leave.

**a.   Defendants have failed to distinguish the well-reasoned opinions in *Potts*, *Williams*, and *Johnson* which hold that entitlement to take leave is not a required element of an FMLA retaliation claim**

The courts in *Potts*, *Williams*, and *Johnson* squarely addressed the issue before the Court in thoroughly well-reasoned opinions. Each held that entitlement to take leave was not a requirement of an FMLA retaliation claim. As discussed in Plaintiff's principal brief, these cases are persuasive, and Defendants have failed to meaningfully distinguish them.

Defendants' reading of *Potts v. Franklin Elec. Co.* is incorrect. 2006 WL 2474964 (E.D. Okl. Aug. 24, 2006). Like the present matter, the plaintiff in *Potts* was an **eligible** employee under the FMLA but never suffered from a "serious health condition" and therefore was not **entitled** to take FMLA leave. *Id.* at *2-3. The *Potts* plaintiff never had cancer, never received treatment, and, importantly, never took time off work. He merely submitted a request. *Id.* at *1. The *Potts* court found that the plaintiff's **entitlement** to take leave was irrelevant, because the plaintiff's "mistaken request" for leave was protected activity. *Id.* at *4. The court holds "some claims by an employee who may not ultimately qualify for FMLA leave may nonetheless be covered by the FMLA." *Id.* at *3. Defendants failed to distinguish *Potts* from the present matter.

Defendants also fail to distinguish *Williams v. Crown Liquors of Broward, Inc.* 878 F.Supp.2d 1307 (S.D. Fla. 2012). The protected activity alleged in *Williams* was the

plaintiff's **request** for additional FMLA leave after she had already used all of the leave she was entitled to. Like the plaintiff in *Potts*, the jury expressly found that the *Williams* plaintiff was not entitled to the leave she requested. *Id.* at 1309. Nonetheless, the *Williams* court found that the **request** for leave was protected under the FMLA, regardless of whether the plaintiff ever becomes entitled to take leave. *Id.* at 1310-11.

Defendants misread *Johnson v. Dollar General*, 880 F.Supp.2d 967 (N.D. Iowa 2012) in their attempts to distinguish it from the present matter. Defendants contend that the plaintiff in *Johnson* was entitled to FMLA leave. *See* Dkt 33. at p. 53. This is incorrect. The court expressly found that the plaintiff did not suffer from a "serious health condition." *Id.* 987. Nevertheless, after thoroughly analyzing the issue, the court reasoned that "a retaliation claim does not require proof that the plaintiff actually suffered a 'serious health condition,' only that the plaintiff gave adequate and timely notice to the employer that he or she needed leave for a condition that the plaintiff believed, in good faith, might be covered by the FMLA." *Id.* at 994. Defendants' attempts to distinguish *Johnson* are unavailing.

In *Potts*, *Williams*, and *Johnson*, like here, the plaintiff (1) was an eligible employee under the FMLA, (2) not entitled to take leave, (3) requested leave in good faith, and (4) did not ultimately take leave. In all three cases, the courts rejected arguments like Defendants'—that Plaintiff's retaliation claim must fail because she is not entitled to take leave.

Defendants rely heavily on the 11th Circuit's reasoning in *Hurley v. Kent of Naples, Inc.*, however the facts of that case are readily distinguishable here. 746 F.3d 1161 (11th Cir. 2014). In *Hurley*, the plaintiff, who suffered from depression, requested via email a total of 11-weeks of vacation time over the course of two years, the dates of which were "subject to change." *Id.* at 1163. The plaintiff admitted that the days picked, which happened to overlap with holiday weekends, were chosen without the advice of a medical professional. *Id.* at 1164. He testified that, had his leave been granted, he intended to talk to his doctor about things he could do to get better "like visiting the Grand Canyon." *Id.* When his request was denied, the plaintiff stated that his email was "not a request it was a schedule" of the unused vacation off he had accrued, accused his employer of failing to pay an overdue bonus and "privately ridiculed" his boss's ideas. *Id.* at 1163. The plaintiff was terminated the next day for insubordinate behavior. *Id.* After his termination, the plaintiff had his doctor fill out an FMLA form. The doctor noted that while the plaintiff suffered from depression and anxiety which produced panic attacks, the physician could not determine the duration or frequency of any related incapacity. *Id.*

The alleged protected activity in *Hurley* is appreciably distinguishable from the protected activity alleged in the present matter. The *Hurley* plaintiff's request for 11-weeks of time off over several holiday weekends to do things like "visit the Grand Canyon" was plainly made in bad faith. The plaintiff did not mention anything medical in making his request and stated that it wasn't a request, but a schedule of his vacation

time. Here, Plaintiff's infant son, who had a prior history of respiratory problems, began experiencing Covid-like symptoms in the panicky days immediately preceding an unprecedented state-wide shut down. [RE 23-4 at PageID.181] Worried that her son may have contracted Covid-19, Plaintiff asked the Office Manager if FMLA leave was an option available to her. *Id.* Unlike in *Hurley*, Plaintiff's request was a good faith inquiry into the availability of taking leave for medical reasons.

The 11th Circuit is the only circuit which has held in a published opinion that entitlement to take leave is a requirement for an FMLA retaliation claim. *See Johnson v. Dollar General*, 880 F.Supp.2d at 991. This statement of law first appears in 11th Circuit caselaw in *Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir. 2000). In *Cash*, the plaintiff did not request FMLA leave, rather, her employer **asked her** to complete FMLA paperwork to see if she qualified for leave after repeated, medical related absences. *Id.* at 1304. The plaintiff's physician found that the plaintiff was not disabled and did not qualify for leave. The plaintiff's FMLA retaliation claim was premised on the leave she actually took, prior to her employer's request to complete FMLA paperwork. The court rejected the argument because the plaintiff actually took leave she was not entitled to. *Id.* at 1307.

The 11th Circuit's reasoning is not persuasive. It is the product of unusual and highly distinguishable fact patterns and unmoored from the text of the FMLA or its implementing regulations. It does not analyze the purpose of the statute or similar anti-

retaliation provisions. Instead, this Court should look to the well-reasoned opinions in *Potts*, *Johnson*, and *Williams* cited by Plaintiff in her principal brief.

> **b.** **Defendants have failed to demonstrate how limiting FMLA protected activity to actually taking leave from work is consistent with the statute's purpose**

Defendants again rely on cases in which the alleged protected activity was the taking of leave in support of their contention that presence of a "present serious health condition" is required to constitute FMLA protected activity.[2] *See* Dkt. 33 at p.40-41.

Defendants have not proposed any explanation for why an entitlement to take leave requirement is consistent with the purpose of the FMLA or why the requirement should apply to an employee who does not take leave. As set forth in Plaintiff's principal brief, such a requirement is logical with regard to the prescriptive provisions of the FMLA, which create entitlements for employees that must be balanced with the needs of employers. *See* Dkt. 26 at p. 35. However, the anti-retaliation provision of the FMLA is concerned with deterring the discriminatory animus of the employer. *Johnson v. Dollar General*, 880 F.Supp.2d. 967, 993 (N.D. Iowa 2012). Indeed, this Court has stated that, in contrast to an interference claim, under a retaliation theory "the employer's motive *is* an integral part of the analysis." *Edgar*, 443 F.3d at 508 (6th Cir. 2006). Defendants

---

[2] Defendants rely on *Branham*, 619 F.3d 563 (6th Cir. 2010); *Seidle v. Provident Mut. Life Ins. Co.*, 871 F.Supp. 238, 246 (E.D. Pa. 1994) (alleging retaliation for taking a four-day leave of absence from work); *Bauer v. Dayton-Walther Corp.*, 910 F.Supp. 306, 311 (E.D. Ky. 1996) (alleging retaliation for absenteeism); *Nawrocki*, 174 F.App'x. 334 (6th Cir. 2006); *Morris*, 320 F.App'x. 330 (6th Cir. 2009).

have failed to rebut Plaintiff's contention that an entitlement requirement for retaliation claims is inconsistent with the purpose of the FMLA.

Defendants argue that the DOL regulations defining "serious health condition" are concerned only with the present state of the alleged illness. *See* Dkt. 33 at p. 42. Defendants' argument is irrelevant to Plaintiff's proposed scope of protected activity. Under Plaintiff's proposed scope of activity, no finding as to whether a "serious health condition" existed is required, because it is the request or inquiry that is protected— not the leave from work. As stated in her principal brief, Plaintiff does not challenge the requirement that the plaintiff must be entitled to take leave (i.e. have a serious health condition) in order to maintain an *interference* claim. It is well-established that in order to **take leave**, a plaintiff must be entitled to that leave. Defendants fail to respond to Plaintiff's argument that the scope of protected activity under the FMLA is not limited to instances in which a plaintiff takes leave and encompasses **requests for or inquiries about taking leave**.

### c.   The text of the FMLA and the relevant DOL implementing regulations demonstrate that entitlement to take leave is not a requirement of a retaliation claim

Oddly, Defendants ask that this Court ignore the text of the anti-retaliation provision (and the accompanying DOL implementing regulations) and instead rely on the text of the *entitlement* provisions of the FMLA while interpreting the *anti-retaliation* provision of the FMLA. The retaliation provision is found in 29 U.S.C. § 2615 and its

implementing regulations are found in 29 C.F.R. § 825.220. Defendants cite neither in support of their "textual" argument.

Instead, Defendants point to § 2612 and § 2601(b)(2) which deal with an employee's entitlement to *take leave*. Defendants argue that the text of these provisions are instructive in deciding the scope of protected activity under § 2615. This argument is attenuated. While those sections can (and have) been interpreted as requiring a present "serious health condition" in order to take FMLA leave, this case does not involve an employee who took FMLA leave. As Plaintiff discusses in her principal brief, this Court should be guided by the text of § 2615 and 29 C.F.R. § 825.220 in finding that a request for or inquiry about FMLA leave is protected activity.

> **d.    This Court should continue to interpret the FMLA's anti-retaliation provision in accordance with other provisions that utilize the same language in framework to find that entitlement to take leave is not a required element**

The suggestion that this Court look to other anti-retaliation provisions for guidance in determining the scope of the FMLA's anti-retaliation provision is not a novel one. This Court has done the same many times before. *See Crawford v. JP Morgan Chase & Co.*, 531 F.App'x. 622, 627 (6th Cir. 2013) (nothing that Title VII's anti-retaliation provision is "almost identical in wording"); *Bell v. Prefix, Inc.*, 321 Fed.App'x. 423, 428 n.2 (6th Cir. 2014) ("We often rely on other employment discrimination law to fill the gaps in our FMLA case law"). In determining whether requests for or inquiries

about FMLA leave fall within the scope of protected activity, interpretations of other anti-retaliation provisions provide guidance.

Defendants' attempts to distinguish the ADA's anti-retaliation provision from the FMLA's by focusing on the existence of a "present" serious health condition are, again, misplaced. Defendants state that "the ADA is concerned with the finding of a disability required to trigger the statutory protections." In the context of the ADA's **anti-retaliation provision**, Defendants are incorrect. No finding of disability is required. "A plaintiff may prevail on a disability-retaliation claim even if the underlying claim of disability fails." *Bryson v. Regis Corp.*, 498 F.3d 561, 577 (6th Cir. 2007). The ADA's anti-retaliation provision is nearly identical to both the FMLA's and the Title VII's. As set forth in Plaintiff's principal brief, all three anti-retaliation provisions effectuate the goals of each individual statutory scheme through the use of both proscriptive and prescriptive rights. In evaluating the *relevant* portions of all three statutes, it follows that the FMLA would protect the **request** for leave even though the underlying claim of interference (or disability) fails.

e. **The "good faith" limiting principle adopted by other courts dispels Defendants' argument from *Hurley* that a slippery slope problem exists**

Defendants misunderstand Plaintiff's assertion that employing a "good faith" limiting principle, utilized by this Court in other the context of other anti-retaliation provisions, would moot the concern raised in *Hurley* that "every leave request" would produce FMLA litigation. As discussed above, *Hurley* involved a blatantly bad faith

"FMLA leave request." In holding that the plaintiff's FMLA retaliation claim failed because the plaintiff could not establish entitlement to FMLA leave, the court opined that interpreting protected activity under the FMLA to include mere requests for leave would result in a slippery slope. The *Johnson* and *Williams* courts addressed this concern by adopting the "good faith" requirement applied to Title VII's analogous anti-retaliation provision.

Defendants respond that the phrase "good faith" is not found in the text of the FMLA. The argument is unavailing. "Good faith" is not found in Title VII or the ADA either. *See* 42 U.S.C. § 2000e-3 and 42 U.S.C. § 12203.

Also in response to Plaintiff's suggested limiting principle, Defendants devote a considerable amount of argumentation attempting to distinguish cases in which neither a possible or actual "good faith" requirement is implicated. Defendants incorrectly assert that Plaintiff cites to *Johnson v. Kmart*, 596 F.Supp.2d. 1045 (E.D. Mich.), another opinion by Judge Murphy, in support of her argument. *See* Dkt. 33 at p. 50-51. Plaintiff does not cite to *Johnson v. Kmart* and the case has no relevance to the issues before the Court.

Defendants also attempt to distinguish *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269 (11th Cir. 2012). *See* Dkt. 33 at p. 51-52. Again, *Pereda* does not implicate any "good faith" requirement. Plaintiff cites to *Pereda* for the contention that other courts have found that the scope of protected activity under the FMLA includes other than merely taking leave from work. *See* Dkt. 26 at p. 38. The court in *Pereda* notes that

14

"a pre-eligibility request for post-eligibility leave is a protected activity." 666 F.3d at n. 8. Defendants misunderstand the point. Plaintiff does not assert that this case involves a pre-eligibility request for post-eligibility. She merely asserts that the scope of protected activity is not limited to actually taking leave from work.

There is nothing in Plaintiff's Complaint to suggest that her inquiry regarding FMLA leave was lacking in good faith. Should this Court adopt Plaintiff's suggested limiting principle, and, for the first time hold that good faith requests for FMLA leave constitute protected activity, the proper course of action is to allow Plaintiff to amend her complaint, given this new guidance from the Court, to reflect her allegation that her request for FMLA leave was made in good faith.

## IV. Defendants confuse the elements of an FMLA interference claim with those of an FMLA retaliation in arguing that alternative basis for affirmance exist

Defendants' assertion that an alternative basis for affirmance exists is incorrect. Defendants confuse the elements of an FMLA interference claim with the elements of an FMLA retaliation. As the district court correctly noted, a prima facie FMLA retaliation claim requires the plaintiff to plead four elements: (1) she was engaged in statutorily protected activity; (2) Defendants knew that she was exercising her FMLA rights; (3) she suffered an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action. *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 283 (6th Cir. 2012). The second element of an FMLA retaliation claim concerns whether the defendant had actual knowledge of the conduct

15

which constitutes protected activity. This makes sense. An employer cannot act in retaliation for conduct which it is now aware occurred. Defendants do not argue that Plaintiff failed to plead this element.

To the extent Defendants argue that this Court has alternative grounds to affirm based on Plaintiff's failure to plead that her employer had notice of her protected activity, as required for an FMLA retaliation claim, this argument is without merit.[3] As alleged in Plaintiff's First Amended Complaint, on Thursday, March 19, 2020, Plaintiff emailed Fieger & Fieger, P.C.'s Office Manager Wanda Lovelace and inquired about taking unpaid leave, if necessary, in order for her to stay out of the office and to care for her sick son. [RE 14 at PageID.96-97]. Defendant Fieger references this email in his termination letter to Plaintiff dated March 20, 2020. *Id.* at PageID.97. Plaintiff's First Amended Complaint plausibly pleads that Defendants had knowledge of Plaintiff's alleged protected activity. The only question to be decided by this Court is whether Plaintiff's conduct—requesting or inquiring about FMLA leave—is protected activity.

Defendants argue that Plaintiff's claim should be dismissed because she failed to allege that she provided notice of an FMLA qualifying reason and request to take FMLA leave. This is an element of an FMLA interference claim, in which the plaintiff alleges that she was denied the right to *take leave* or the *leave which was taken* was interfered with; not an element of an FMLA retaliation claim. FMLA interference claims involve 5

---

[3] Nor did the district court reach this argument.

16

elements. Plaintiff must plausibly plead that she (1) was an eligible employee; (2) her employer was a covered employer; (3) she was entitled to FMLA leave; (4) she gave her employer <u>notice of her intent to take leave</u>; and (5) her employer denied her FMLA benefits or interfered with FMLA benefits to which she was entitled. *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003).

Indeed every case relied on by Defendants in support of their argument for alternative affirmance involves an FMLA interference claim. *See Brohm v. JH Props., Inc.*, 149 F.3d 517, 523 (6th Cir. 1998) (plaintiff's FMLA interference claim based on the defendant's refusal to provide medical leave was properly dismissed because plaintiff never requested to take leave); *Anderson v. McIntosh Const., LLC*, 597 F.App'x. 313, 315 (6th Cir. 2015) (plaintiff's FMLA interference claim based on defendant's failure to offer leave properly dismissed where plaintiff offered no evidence that she requested leave); *Gipson v. Vought Aircraft Indus., Inc.*, 387 F.App'x. 548, 555 (6th Cir. 2010) (plaintiff did not provide adequate notice to trigger an FMLA *interference* claim); *Walton v. Ford Motor Co.*, 424 F.3d 481, 486 (6th Cir. 2005) (sole issue on appeal is whether plaintiff provided adequate notice to support his FMLA *interference* claim); *Aubuchon v. Knauf Fiberglass GmbH*, 359 F.3d 950, 952 (7th Cir. 2004) (analyzing the sufficiency of plaintiff's notice to support his FMLA *interference* claim).

Defendants' argument for alternative affirmance and conflation of the elements of an interference and retaliation claim underscores the correctness of Plaintiff's Statement of Issues presented on appeal and the error of the district court. Defendants

17

argue that "[a]n employer has no obligation **to provide FMLA leave** unless the employee provides notice of a qualifying reason and requests medical leave." Dkt. 33 at p. 58. Plaintiff did not take leave and does not claim that Defendants failed **to provide leave**. Rather, Plaintiff alleges that she was terminated in retaliation for requesting or inquiring about FMLA leave. Defendants' "notice requirement" argument is misplaced.

Defendants also argue that "Plaintiff failed to allege that she provided notice to apprise Defendants of a qualifying serious health condition because none ever existed." Dkt. 33 at p. 59. The threshold question is whether Plaintiff's retaliation claim fails absent a serious health condition. Or, stated another way, does protected activity under the FMLA include a requesting and/or inquiring about FMLA leave, where the employee does not take leave. If, as Plaintiff argues, protected activity includes requests for and/or inquiries about FMLA leave, Defendants' argument is non-sensical and crystallizes the real issue before the Court.

*Anderson*, a case cited by Defendants for their contention that Plaintiff never requested FMLA leave, is irrelevant to the present matter. In *Anderson*, the plaintiff requested to work from home one day due to tension in the office between her and a co-worker. 597 F.App'x. at 314. The defendant employer approved the request but later sought to replace the plaintiff, in part, because of her repeated absences from work, some which were for medical appointments. *Id.*

*Anderson* is wholly distinguishable from the present matter for several reasons. First, the plaintiff there was not an eligible employee under the FMLA and thus her

FMLA interference and retaliation claims failed for that reason alone. *Id.* at 315. It is undisputed that, here, Plaintiff was an eligible employee. Second, the *Anderson* plaintiff alleged that the defendant **interfered** with her FMLA rights by failing to **offer** her FMLA leave. *Id.* This Court found that theory to be meritless because the plaintiff never requested leave from the office. Rather, the plaintiff's sole request was a request to work from home. *Id.* Defendants' contention that, here too, Plaintiff requested to work remotely, is patently false. Plaintiff's request states:

> Wanda, my child is showing the beginnings of some mild symptoms I would normally associate with a cold. Under these circumstances I can't dismiss any symptoms especially in a child. I strongly feel that I need to stay away from the office if at all possible at this time. If unpaid time away from the office is an option, and the only option I would do that.

[RE 27-2]. Plaintiff's request was for unpaid leave from the office. She did not request to work from home. The *Anderson* court found that because the plaintiff never requested leave from the office, her interference claim failed.[4] *Anderson* is irrelevant to Plaintiff's request.

The remainder of Defendants' argument for alternative grounds for affirmance merely repeats Defendants' argument regarding the alleged need to plead an "actual and present serious health condition."

## V.    Conclusion

---

[4] Under Plaintiff's argument—that requesting FMLA leave is protected activity even where the employee does not take leave—*Anderson* would come out the same way because the plaintiff's request never mentioned the FMLA, time away from the office, or a leave of absence. It was explicitly a request to work from home. As the *Anderson* court states "working from home is still working." 597 F.App'x. at 314.

For the reasons set forth herein and in Plaintiff's principal brief, Plaintiff respectfully requests that this Honorable Court reverse the district court's Opinion and Order (RE 38) as to Plaintiff's FMLA claim and remand this case for further proceedings.

Dated:  February 10, 2022

/s/Deborah L. Gordon  (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com
*Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing reply brief complies with the type-volume limitation pursuant to Fed. R. App. P. 32(a)(7)(B). The foregoing brief contains 5,140 words of Garamond 14-point proportional type. The word processing software used to prepare this brief was Microsoft Word 2016.

**DEBORAH GORDON LAW**

Dated:  February 10, 2022

/s/Deborah L. Gordon  (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, MI 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com
*Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

This certifies that Appellant's Reply Brief was served on February 10, 2022, by electronic mail using the Sixth Circuit Court of Appeal's Electronic Case Filing system on all parties of record.

**DEBORAH GORDON LAW**

Dated:  February 10, 2022                    /s/Deborah L. Gordon  (P27058)
                                             Elizabeth Marzotto Taylor (P82061)
                                             Sarah Gordon Thomas (P83935)
                                             Molly Savage (P84472)
                                             33 Bloomfield Hills Parkway, Suite 220
                                             Bloomfield Hills, MI 48304
                                             (248) 258-2500
                                             dgordon@deborahgordonlaw.com
                                             emarzottotaylor@deborahgordonlaw.com
                                             sthomas@deborahgordonlaw.com
                                             msavage@deborahgordonlaw.com
                                             *Attorneys for Plaintiff-Appellant*